**E-FILED**
Thursday, 17 February, 2005  03:03:40 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

---

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | **DEFENDANT OHLENDORF'S MOTION FOR DISCLOSURE OF EXCULPATORY EVIDENCE** |
| Plaintiff, | |
| vs. | |
| **DAVID G. OHLENDORF, et al.,** | Case No. 04-10084 |
| Defendants. | HEARING REQUESTED |

---

TO:    K. Tate Chambers
       Assistant United States Attorney
       211 Fulton Street, Suite 400
       Peoria, IL 61602

NOW COMES defendant David G. Ohlendorf, by his attorneys, Eisenberg Law Offices, S.C., by Mark A. Eisenberg, and moves the Court, pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure, Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976), and their progeny, for the production of any evidence or information which is favorable to the accused.  The defendant hereby requests this Court to enter an Order directing the Government to make inquiry into and to disclose all of the following within the possession, custody or control of the Government, or the existence of which is known or by the exercise of due diligence could have become known to the Government.

1.    Any and all records and information revealing prior felony convictions, guilty verdicts, juvenile adjudications, prior misconduct or bad acts attributed to each witness to be called by the Government, including, but not limited to, relevant "rap sheets."

2.     The full and complete statement of all promises, rewards, inducements or considerations of any kind made by the Government to induce or encourage the giving of testimony or information made to:

A.     Any prospective witness the prosecution intends to call at the trial of this case;

B.     Any witness who assisted the prosecution in its investigation and preparation of the above-entitled matter.

3.     Any and all other records and information which arguably could be helpful or useful to the defense of impeaching or otherwise detracting from the probative force of the Government's evidence, or which arguably could lead to such records or information.

4.     Any evidence in the Government's files suitable for impeaching any witness upon whose statements the Government will rely under the provisions of Rule 801(d)(2)(C)(D)(E), Federal Rules of Evidence.

5.     In addition to the aforementioned, the defendant specifically requests statements, summaries of statements or memoranda noting statements by any potential Government witness which are inconsistent with any other statement of that witness or any other Government witness.

6.     All information of whatever form, source or nature which may lead to evidence which tends to exculpate this defendant, whether by indicating his innocence or impeaching the credibility of any potential Government witness.

7.     All information which may be or may become of benefit to this defendant in preparing for or presenting the merits of his defense or innocence at trial, including, but not limited to, the existence of any witnesses who exculpate the defendant.

2

8.      All information which would in any way tend to minimize or mitigate the degree of the defendant's involvement, if any, with regard to the pending charges.

9.      The material subject to this Motion consists of the following:

A.      All items secured and discovered in connection with the investigation of this case, including, but not limited to:

i.      Copies of all documents received from defendant and documents obtained as a result of consent of this defendant.

ii.      Copies of all documents received from persons other than this defendant.

iii.      Copies of all notes made pursuant to interviews with this defendant.

iv.      Copies of all statements or notes of interviews with any witnesses interviewed by the Government or its agents in connection with this case, including all Forms 302.

B.      The names, addresses and telephone numbers of anyone the Government knows to possess relevant information on the charges in the Indictment, including, but not limited to, any informants or confidential sources.

C.      The minutes and transcripts of the grand jury testimony received in connection with the Indictment found against this defendant.

D.      All documents, books, papers and objects obtained by the Government, in any manner other than by seizure of or process, in the course of the investigation by the grand jury which resulted in the return of the Indictment and in the course of the Government's preparation for trial in this case, if such books, papers, documents and objects have been presented to the grand jury or are to be offered as evidence in the trial of this defendant under the Indictment.

3

E.      Written or recorded statements or conversations made by this defendant or any other witness or notes regarding any statements made by this defendant or any other witness.

F.      All pertinent internal policy regulations or guidelines of any government agency which participated or will participate in the investigation and/or prosecution of this case, including, but not limited to, policy regulations or guidelines promulgated by the Federal Bureau of Investigation, Drug Enforcement Administration, United States Department of Justice, Peoria County Sheriff's Department, and Peoria County Metro Narcotics Unit; and any information within the actual or constructive possession of the Government which would indicate that any such regulations or guidelines were violated in any manner.  See generally, United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260 (1954).

As grounds for this Motion, this defendant states that the requested information is material and necessary to the preparation of his defense on the merits of the charges against him, and that the items are evidentiary and the production of them is reasonable and will expedite the trial of the cause and materially aid this defendant in the preparation of his defense, and that some of the material requested is exculpatory in nature.

The United States Attorney has the actual or constructive possession, custody and control of all the foregoing documents and objects or the means to obtain the same.  Each of them and some of them do constitute or contain evidence relevant and material to the defense of this action.

The defendant further moves the Court to require the Government to disclose to this defendant the names and addresses of all persons who have exculpatory knowledge and are known to the Government or who contradict or impeach the testimony of any witness the Government may call.

4

The defendant is not requesting by this Motion a pretrial disclosure of 18 U.S.C. Section 3500 material. Defendant requests that exculpatory material contained in these statements, documents and transcripts is discoverable as mandated by <u>Brady v. Maryland</u>, <u>supra</u>, and <u>Agurs</u>, <u>supra</u>.

Dated this 17th day of February, 2005.


EISENBERG LAW OFFICES, S.C.


/s/ Mark A. Eisenberg
Mark A. Eisenberg
Illinois State Bar Number: 06184263
Wisconsin State Bar Number: 01013078
308 E. Washington Avenue
P. O. Box 1069
Madison, WI 53701-1069
Telephone: (608) 256-8356
Fax: (608) 256-2875
E-mail: mark@eisenberglaw.org
Attorneys for Defendant David G. Ohlendorf

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 17, 2005, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Atty. Robert Andre Alvarado  Robert_Alvarado@fd.org, roblaw@ivnet.com; mary_kedzior@fd.org; fontessa_sledge@fd.org

AUSA K. Tate Chambers  kimberly.ritthaler@usdoj.gov; diane.hayes@usdoj.gov; margo.l.scamp@usdoj.gov

Atty. Daniel G. O'Day  doday@cfgolaw.com, lguyon@cfgolaw.com

Atty. George F. Taseff  George_Taseff@fd.org, gtaseff@mtco.com; Mary_Kedzior@fd.org

I hereby certify that I have mailed by United States Postal Service the foregoing to the following non ECF participants:

Attorney Steven C. Rueckert
Law Offices of Steven C. Rueckert
53 W. Jackson Blvd., Suite 1410
Chicago, IL  60604

Attorney Peter J. Wilkes
7060 Centennial Drive, Suite 104
Tinley Park, IL  60477

EISENBERG LAW OFFICES, S.C.

/s/ Mark A. Eisenberg
Mark A. Eisenberg
Illinois State Bar Number: 06184263
Wisconsin State Bar Number:  01013078
308 E. Washington Avenue
P. O. Box 1069
Madison, WI  53701-1069
Telephone:  (608) 256-8356
Fax:  (608) 256-2875
E-mail: mark@eisenberglaw.org
Attorneys for Defendant David G. Ohlendorf