IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

        Plaintiff,

vs.

**DAVID G. OHLENDORF, et al.,**   Case No. 04-10084

        Defendants.   <u>HEARING REQUESTED</u>

**DAVID G. OHLENDORF'S REQUEST FOR GOVERNMENT
TO DISCLOSE NOTICE OF INTENTION TO INTRODUCE
EVIDENCE OF OTHER ACTS UNDER FED. R. EVID. 404(b)**

TO:   K. Tate Chambers
Assistant United States Attorney
211 Fulton Street, Suite 400
Peoria, IL 61602

      NOW COMES defendant David G. Ohlendorf, by his attorneys, Eisenberg Law Offices, S.C., by Mark A. Eisenberg, and respectfully requests that this Court enter an order requiring the Government to provide notice of its intention to introduce evidence of similar acts, wrongs, crimes, etc., under *Fed. R. Evid.* 404(b) during its case-in-chief, for impeachment, or for possible rebuttal. David Ohlendorf further requests that any such notice of intent by the government to use such evidence be given at least thirty (30) days prior to trial, and that such notice contain the particulars of any such collateral conduct and copies of any documents or physical items which are relevant to such collateral conduct.

## MEMORANDUM OF LAW

Fed. R. Crim. P. 404(b) allows for the admission of other crimes, wrongs, or acts ". . . provided that upon request by the accused, the prosecution in a criminal case shall provide **_reasonable notice in advance of trial_** or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial." (emphasis ours)

The notice requirement of Rule 404(b) was added in 1991. According to the Advisory Committee's notes on this amendment,

> The amendment to Rule 404(b) adds a pretrial notice requirement in criminal cases and is **_intended to reduce surprise and promote early resolution on the issue of admissibility_**. The notice requirement places Rule 404(b) in the main stream with notice and disclosure provisions in other rules of evidence. *See, e.g.* 412(written motion of intent to offer evidence under rule), Rule 609 (written notice of intent to offer conviction older than 10 years), Rule 803 (24) and 804 (b)(5) (notice of intent to use residual hearsay exceptions).
>
> The rule expects that counsel for both the defense and the prosecution will submit the necessary request and information in a reasonable and timely fashion.

(Emphasis added).

In this motion, David Ohlendorf is requesting reasonable pretrial notice of the government's intent to rely on evidence of similar acts, wrongs, crimes, etc., under *Fed. R. Evid.* 404(b). Responding by filing a written statement indicating that it will notify the defendant of any intent to use such evidence when it deems appropriate and reasonable, including during the trial, if excused by the court, meets neither the letter or the spirit of Rule 404(b). David Ohlendorf will seek to exclude any such evidence at trial if not given appropriate pretrial notice. As also indicated in the Advisory Committee's notes:

> The amendment requires the prosecution to provide notice, regardless of how it intends to use the extrinsic act evidence at trial, i.e., during its case-in-chief, for impeachment, or for possible rebuttal.. . . Because the notice requirement serves as condition precedent to admissibility of 404(b) evidence, the offered evidence is inadmissible if the court decides that the notice requirement has not been met.

**CONCLUSION**

THEREFORE, David Ohlendorf respectfully requests that this Court order the government to provide written notice of its intention to rely upon collateral acts not less than thirty (30) days prior to the commencement of trial in this case.

Dated this 17th day of February, 2005.

EISENBERG LAW OFFICES, S.C.

/s/ Mark A. Eisenberg
Mark A. Eisenberg
Illinois State Bar Number: 06184263
Wisconsin State Bar Number: 01013078
308 E. Washington Avenue
P. O. Box 1069
Madison, WI 53701-1069
Telephone: (608) 256-8356
Fax: (608) 256-2875
E-mail: mark@eisenberglaw.org
Attorneys for Defendant David G. Ohlendorf

CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2005, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Atty. Robert Andre Alvarado   Robert_Alvarado@fd.org, roblaw@ivnet.com; mary_kedzior@fd.org; fontessa_sledge@fd.org

AUSA K. Tate Chambers   kimberly.ritthaler@usdoj.gov; diane.hayes@usdoj.gov; margo.l.scamp@usdoj.gov

Atty. Daniel G. O'Day   doday@cfgolaw.com, lguyon@cfgolaw.com

Atty. George F. Taseff   George_Taseff@fd.org, gtaseff@mtco.com; Mary_Kedzior@fd.org

I hereby certify that I have mailed by United States Postal Service the foregoing to the following non ECF participants:

Attorney Steven C. Rueckert
Law Offices of Steven C. Rueckert
53 W. Jackson Blvd., Suite 1410
Chicago, IL  60604

Attorney Peter J. Wilkes
7060 Centennial Drive, Suite 104
Tinley Park, IL  60477

EISENBERG LAW OFFICES, S.C.

/s/ Mark A. Eisenberg
Mark A. Eisenberg
Illinois State Bar Number: 06184263
Wisconsin State Bar Number:  01013078
308 E. Washington Avenue
P. O. Box 1069
Madison, WI  53701-1069
Telephone:  (608) 256-8356
Fax:  (608) 256-2875
E-mail: mark@eisenberglaw.org
Attorneys for Defendant David G. Ohlendorf

4