E-FILED
Thursday, 17 February, 2005  04:05:33 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

---

**UNITED STATES OF AMERICA**,

        Plaintiff,

vs.

**DAVID G. OHLENDORF, et al.,**      Case No. 04-10084

        Defendants.      <u>HEARING REQUESTED</u>

---

### DEFENDANT OHLENDORF'S REQUEST FOR SPECIFIC IMPEACHMENT AND BRADY MATERIAL WITH SUPPORTING MEMORANDUM OF LAW AND REQUEST FOR HEARING

---

TO:   K. Tate Chambers
       Assistant United States Attorney
       211 Fulton Street, Suite 400
       Peoria, IL 61602

      NOW COMES defendant David G. Ohlendorf, by his attorneys, Eisenberg Law Offices, S.C., by Mark A. Eisenberg, and pursuant to the dictates of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and the Supreme Court's subsequent holdings in *Kyles v. Whitley,* 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995), *United States v. Bagley*, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985), and *United States v. Agurs*, 427 U.S. 971, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), respectfully moves this court for an entry of an order requiring the government, and any federal or state agents working on this case, to disclose and provide the following specific information and materials known or that with the exercise of due diligence should be known to the government or any federal or state agents working with the government on this case, or related cases.  This information is favorable to the accused on the issues of guilt or punishment, and includes impeachment information and other material evidence tending to discredit the government's witnesses.  This information is sought in addition to any other material or matters known to the government that may be exculpatory or otherwise favorable to the defendant.  **A HEARING IS REQUESTED ON THIS MOTION.**

The following documents and information regarding any cooperating witness(s), informants, confidential sources, cooperating co-defendant, cooperating co-conspirator, whether charged or not, or any other such witness (hereinafter referred to as "cooperating witness") in this case:

A. The name, address, date of birth, Social Security Number, and if applicable, INS Alien number, of each cooperating witness.

B. The case number and name of the prosecutions in which the cooperating witness utilized in this case has previously been utilized as a cooperating witness.

C. The case names and numbers of any trials or evidentiary hearings at which the cooperating witness has testified concerning: his or her own prior criminal activity; payments or rewards provided him by the federal or state government; efforts made to induce others to participate in criminal activity; or other purported law enforcement-related matters;

D. Any ledger, sheet, or other document which details the sums paid the cooperating witness or his or her family in this and other cases in which said cooperating witness assisted the federal or any state government, and the purpose of each such payment.

E. Any information, whether or not memorialized in a memorandum, agent's report or other writing, regarding promises of immunity or leniency, preferential treatment or other inducements made to the cooperating witness, or to any family member, friend or associate of the cooperating witness, in exchange for cooperation, including the dismissal or reduction of charges, assisting in matters of sentencing or deportation, or promises or expectancies regarding payments for expenses or testimony or eligibility for any award or reward; in addition to information regarding payments promises of immunity, leniency, preferential treatment or other inducements made

        to the cooperating witness by the federal or any state government, and any records or information regarding payments, promises of immunity, leniency, preferential treatment offered or afforded to any family member, friend or associate of any prospective cooperating witness in exchange for said witness's cooperation.

F.     Any information or records concerning any actual or implied threats of investigation or prosecution (including deportation, exclusion, etc., by INS) made by the federal or any state government to any prospective government cooperating witness, or of family members and associates of the cooperating witness, including information as to the underlying conduct precipitating such investigations.

G.     Any statement made, or information, or document provided by a prospective government cooperating witness that conflicts in part or in whole with: (1) the statement of another prospective witness, (2) a prior statement made by the same government cooperating witness, with regard to the subject matter of the expected trial testimony of the cooperating witness, or (3) any other documents or witness.

H.     The name and current whereabouts of any eyewitness to the underlying events of this case whom the government does not anticipate calling as a witness at trial, and a copy of any statement made by or summary of interview of such witness.

I.     Any report, document or information which details the criminal activities of the cooperating witness which were undertaken by said witness with or without the authority or approval of the federal or any state government, but for which the federal government or any state government has elected, formally or informally, not to prosecute;

J.     FBI rap sheet, NCIC printout, NADDIS, EPIC, NLETS, ATS, TECS, and any other records available to the federal or any state government agents working with the

        government on this case, or any related case, reflecting the arrest, conviction and investigative history of any cooperating witness.

K.     Information concerning prior misconduct by the cooperating witness in the performance of said witness' role as an informant, including: any prior refusal of the cooperating witness to testify for or assist the federal or any state government agents working with the government; any prior allegation that the cooperating witness entrapped another person to commit an offense or made false statements in connection with a criminal investigation; and any prior "blackballing" of the cooperating witness by any federal or state law enforcement agency.

L.     Information concerning misconduct by the cooperating witness other than in his role as an informant, including misconduct that reflects on the lack of candor, truthfulness or law-abiding character of the cooperating witness, such as uncharged criminal conduct or fraud.

M.     All information, records and transcripts which in any way indicate or reveal that any prospective cooperating witness, or any witness in general, in connection with this or any other case, has provided untruthful false, misleading, incomplete, or inaccurate information or testimony to:

    1.     Any federal or state law enforcement officer or agency.

    2.     Any federal or state grand jury.

    3.     Any federal or state trial court while testifying at trial and/or any related or preliminary proceeding.

N.     Information reflecting the nature and extent of assets obtained by the cooperating witness in connection with his or her illegal activities over the past ten years.

O. Any "records" maintained by law enforcement agencies relating to any cooperating witness utilized in this case, including records that the witness was:
1. Given a code name;
2. Given assumed/false identity;
3. Reasons for cooperation;
4. Whether given a polygraph exam;
5. Whether briefed on entrapment;
6. Contracts executed with any law enforcement agency;
7. Any release forms executed by the witness;
8. Records revealing the witness was advised to pay Federal Income Taxes;
9. Records that the cooperating witness could not violate the law;
10. Records which require the cooperating witness to protect the false identity;
11. Records that the cooperating witness cannot use any illegal drugs.

P. If given a polygraph exam, the results of any polygraph examination performed on any potential cooperating witness as well as any information concerning the unwillingness of any potential government witness to submit to a polygraph examination.

Q. Any federal or state government agency files or other information revealing matters relevant to the cooperating witness's credibility, mental or physical health, or narcotic or alcohol use or other dependency, including the results, date and location of any drug tests that the cooperating witness failed.

R. All information and records revealing any potential impairment of the capacity of any prospective cooperating witness, or witness in general, to observe, recollect and testify about the events giving rise to the charges filed in this case, including

      impairments of sight, hearing, memory, language or other physical or psychological disability.

S.    All information and records indicating that any cooperating witness, or witness in general: (1) may have suffered from any mental or emotional disease, disorder, illness, or defect at any time during the time span alleged in the charging document filed in this case, or (2) sought or received treatment for any such mental or emotional disease, disorder, illness, or defect at any time within the past ten years.

T.    All information and records indicating that the cooperating witness (1) may have used cocaine, marijuana or other controlled substance or used alcohol to excess at any time during the time span alleged in the charging document filed in this case, or (2) sought or received treatment for any substance abuse problem (including alcohol) at any time within the past five years.

U.    Applicable records of any state Department of Corrections Probation Office, any United States Probation Office, if the witness has been placed on probation and/or a Pre-Sentence Investigation Report has been prepared.

## MEMORANDUM OF LAW

Never has it been more true than it is now that a criminal charged with a serious crime understands that a fast and easy way out of trouble with the law is not only to have the best lawyer money can buy or the court can appoint, but to cut a deal at someone else's expense and to purchase leniency from the government by offering testimony in return for immunity, or in return for reduced incarceration. . . [B]ecause of the perverse and mercurial nature of the devils with whom the criminal justice system has chosen to deal, each contract for testimony is fraught with the real peril that the proffered testimony will not be truthful, but simply factually contrived to "get" a target of sufficient interest to induce concessions from the government. . . . Such false testimony and false evidence corrupts the criminal justice system and makes a mockery out of its constitutional goals and objectives.

*Commonwealth of N. Mariana Islands v. Bowie,* 243 F.3d 1109, 1123-24 (9th Cir. 2001) (Trott, Circuit Judge)

## Facts

The Indictment in this matter was filed on or about December 16, 2004. There are five counts to the Indictment. The first is a RICO count. The predicates acts for the RICO count date back to 1994. (See paragraph 9.) Count 2 charges a racketeering conspiracy. Count 3 charges narcotics distribution conspiracy. Counts 4 and 5 are forfeiture counts. David Ohlendorf has pled not guilty and intends to go to trial and defend himself. At this time the defense has not been able to view the discovery; however, it is anticipated that the government will be relying on the testimony of alleged co-conspirators and informants, many of whom have probably entered into agreements to testify against Mr. Ohlendorf in hopes of reducing their own sentences. There are also probably many uncharged putative co-conspirators who probably have already been given transactional immunity for numerous charges in exchange for testifying against Mr. Ohlendorf. Some have probably been charged in other cases involving the same conduct for which Mr. Ohlendorf is charged. It is believed that the government has access to voluminous impeachment and exculpatory materials, and yet has made no effort, nor will it make any effort, to fulfill its legal duty to provide the voluminous impeachment and exculpatory material the government has in its possession to the defense.

## Law

In *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)*,* the U.S. Supreme Court held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S., at 87, 83 S.Ct., at 1196-97. The Supreme Court subsequently held that the duty to disclose exculpatory evidence is applicable even when the defendant fails to request such material, *United States v. Agurs,* 427 U.S. 97, 107, 96 S.Ct. 2392, 2399, 49 L.Ed.2d 342 (1976), and that this "duty to disclose" includes impeachment evidence as well as exculpatory evidence. *United States v. Bagley,* 473 U.S. 667, 676, 105 S.Ct.

3375, 3380, 87 L.Ed.2d 481 (1985); *accord, Boss v. Pierce,* 263 F.3d 734, 739-40 (7th Cir. 2001), *cert. denied,* ___ U.S. ___ , 122 S.Ct. 1961, 152 L.Ed.2d 1022 (2002); *United States v. Wilson,* 237 F.3d 827, 832 (7th Cir. 2001), *cert. denied* ___ U.S. ___ , 122 S.Ct. 2659, 153 L.Ed.2d 834. Also, this "duty to disclose" includes all exculpatory and impeachment evidence in the possession of the government, including evidence **"*known only to police investigators and not to the prosecutor.*"** *Kyles v. Whitley,* 514 U.S. 419, 438, 115 S.Ct. 1555, 1568, 131 L.Ed.2d 490 (1995)(Emphasis added). "In order to comply with *Brady,* therefore, 'the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf . . . , including the police." *Strickler v. Green,* 527 U.S. 263, 281, 119 S.Ct. 1936, 1948, 144 L.Ed.2d 286 (1999), *quoting, Kyles,* 514 U.S., at 437, 115 S.Ct., at 1567, *see also, Carey v. Duckworth,* 738 F.2d 875, 877-78 (7th Cir. 1984)(A prosecutor's office cannot get around the *Brady* obligation to disclose material evidence by keeping itself in ignorance or compartmentalizing information about different aspects of the case). The precept underlying these cases was set out in *Brady* itself: "The principle . . . is not punishment of society for misdeeds of a prosecutor but avoidance of an unfair trial to the accused. Society wins not only when the guilty are convicted but when criminal trials are fair; our system of the administration of justice suffers when any accused is treated unfairly. 373 U.S., at 87-88, 83 S.Ct., at 1197.

       In order to establish a *Brady* violation under the case law, a defendant's burden of proof is three fold: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) the evidence must have been suppressed by the government, either willfully or inadvertently;  and (3) prejudice must have ensued. *Strickler v. Green, supra,* 527 U.S., at 281-82, 119 S.Ct., at 1948; *Boss v. Pierce, supra,* at 740.  The determination of whether a *Brady* violation has occurred is subject to independent appellate review. *Id.*

Finally, if the government claims some type of privilege, real or imagined, as a bar to disclosure of the requested information and documents, that does not end the inquiry. Few privileges, if any, statutory or otherwise, trump the Due Process Clause. Under such circumstances, the trial court should review the supposedly privileged documents *in camera* to determine if there is any exculpatory or impeachment evidence that should be disclosed to the accused, whether privileged or not. *See, United States v. Agurs, supra.* 427 U.S., at 106, 96 S.Ct., at 2394 (While there is no duty to provide defense counsel with unlimited discovery of everything known by the prosecutor, if the defense makes a specific request for certain documents and information, and the subject matter of such a request is material, or indeed if a substantial basis for claiming materiality exists, the prosecutor ***must*** respond either by furnishing the information or by submitting the problem to the trial judge*); compare, Pennsylvania v. Ritchie,* 480 U.S. 39, 56-58, 107 S.Ct. 989, 1001-02, 94 L.Ed. 40 (1987) (Defendant charged with child abuse was entitled to have Pennsylvania Children and Youth Services file reviewed by trial court to determine whether file contained information that probably would have changed outcome of his trial, and if trial court makes such a finding, defendant entitled to new trial).

Also, because of the nature of much of the information requested in this motion, the defense cannot obtain this information on its own through the exercise of due diligence. *Compare, Boss v. Pierce, supra,* 263 F.3d, at 740 (Evidence is suppressed for *Brady* purposes only if (1) the prosecution failed to disclose evidence that it or law enforcement was aware of before it was too late for the defendant to make use of the evidence, and (2) ***the evidence was not otherwise available to the defendant through the exercise of reasonable diligence***).

Here, without full disclosure of the information and documents set out in the requests listed above, David Ohlendorf's constitutional rights to due process will be violated. And no privilege bars the production of the requested material.

## REQUEST FOR HEARING

It is respectfully submitted that the government has a virtual mountain of exculpatory and impeachment material that it ***must*** produce in this case. Additional details regarding at least some of this evidence will be provided to the court at the hearing on this motion. However, this motion puts the government on notice of its duty to look for this material, and this motion makes specific requests for specific types of evidence that the government cannot ignore.

It is anticipated that, Supreme Court case law and the government's attorneys' ethical obligations notwithstanding, the government will strongly oppose disclosure of the *Brady* material requested in this motion. A hearing ***must*** be held for the court to review each request made in this motion, the government's position on each, the need for any *in camera* review of disputed documents and material, and that the court should rule on each request. *United States v. Agurs, supra.* 427 U.S., at 106, 96 S.Ct., at 2394; *Pennsylvania v. Ritchie, supra,* 480 U.S., at 56-58, 107 S.Ct., at 1002-03. As the Supreme noted in *Augurs,* "[w]hen the prosecutor receives a specific and relevant request, the failure to make any response is seldom, if ever, excusable." *Augurs, supra.* The prosecutors in this case have received such a specific request here. A hearing must be held to insure that the government fulfills it obligations under *Brady*.

## CONCLUSION

THEREFORE, David G. Ohlendorf respectfully requests that this Court hold a hearing on this motion and enter an order requiring the government, and any federal or state agents working on this case or related cases, to disclose and provide the specific information and materials requested above that is known, or that with the exercise of due diligence should be known, to the government or any federal or state agents working with the government.

Dated this 17th day of February, 2005.

                EISENBERG LAW OFFICES, S.C.

                /s/ Mark A. Eisenberg
                Mark A. Eisenberg
                Illinois State Bar Number: 06184263
                Wisconsin State Bar Number:  01013078
                308 E. Washington Avenue
                P. O. Box 1069
                Madison, WI  53701-1069
                Telephone:  (608) 256-8356
                Fax:  (608) 256-2875
                E-mail: mark@eisenberglaw.org
                Attorneys for Defendant David G. Ohlendorf

CERTIFICATE OF SERVICE

      I hereby certify that on February 17, 2005, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Atty. Robert Andre Alvarado | Robert_Alvarado@fd.org, roblaw@ivnet.com; mary_kedzior@fd.org; fontessa_sledge@fd.org |
| AUSA K. Tate Chambers | kimberly.ritthaler@usdoj.gov; diane.hayes@usdoj.gov; margo.l.scamp@usdoj.gov |
| Atty. Daniel G. O'Day | doday@cfgolaw.com, lguyon@cfgolaw.com |
| Atty. George F. Taseff | George_Taseff@fd.org, gtaseff@mtco.com; Mary_Kedzior@fd.org |

      I hereby certify that I have mailed by United States Postal Service the foregoing to the following non ECF participants:

Attorney Steven C. Rueckert
Law Offices of Steven C. Rueckert
53 W. Jackson Blvd., Suite 1410
Chicago, IL  60604

Attorney Peter J. Wilkes
7060 Centennial Drive, Suite 104
Tinley Park, IL  60477

      EISENBERG LAW OFFICES, S.C.

      /s/ Mark A. Eisenberg
      Mark A. Eisenberg
      Illinois State Bar Number: 06184263
      Wisconsin State Bar Number:  01013078
      308 E. Washington Avenue
      P. O. Box 1069
      Madison, WI  53701-1069
      Telephone:  (608) 256-8356
      Fax:  (608) 256-2875
      E-mail: mark@eisenberglaw.org
      Attorneys for Defendant David G. Ohlendorf