E-FILED
Thursday, 17 February, 2005  04:18:33 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | **DEFENDANT OHLENDORF'S MOTION REGARDING ADMISSIBILITY OF CO-CONSPIRATOR DECLARATIONS** |
| vs. | |
| **DAVID G. OHLENDORF, et al.**, | Case No. 04-10084 |
| Defendants. | HEARING REQUESTED |

TO:  K. Tate Chambers
    Assistant United States Attorney
    211 Fulton Street, Suite 400
    Peoria, IL 61602

NOW COMES defendant David G. Ohlendorf, by his attorneys, Eisenberg Law Offices, S.C., by Mark A. Eisenberg, and pursuant to Rule 104, Fed.R.Evid., and United States v. Santiago, 582 F.2d 1128 (7th Cir. 1978), moves this Court for the entry of an order granting a pretrial hearing to determine the admissibility of alleged co-conspirator declarations under Rule 801(d)(2)(E), Fed.R.Evid., or in the alternative, for the entry of an order compelling the government to submit a written offer of proof regarding the co-conspirator declarations which it intends to introduce under Rule 801(d)(2)(E), Fed.R.Evid., and in support thereof, states as follows:

1. That the defendant is charged in Count Two of the Indictment with the offense of RICO conspiracy in violation of Title 18 U.S.C. § 1962(c), and in Count Three of the Indictment with the offense of narcotics distribution conspiracy in violation of Title 21 U.S.C. § 841(b)(1)(A).  Count One of the Indictment is based upon a number of predicate acts based upon conspiracies to commit various acts. (See Acts 1A, 2C, 5A, 6A, 8A, 10A, 11A, 12.)

2. That the defendant and his counsel have reason to believe that the government intends to introduce at the trial of this cause certain co-conspirator declarations under Rule 801(d)(2)(E), Fed.R.Evid., in an attempt to implicate this defendant in the alleged conspiracy.

3.  That under Rule 801(d)(2)(E), Fed.R.Evid., statements are not hearsay if they are offered against a party and are "statements by a co-conspirator of a party during the course and in furtherance of the conspiracy."

4.  That it is well established that before any co-conspirator declarations may be admitted, the government must show, by a preponderance of the evidence, that (a) a conspiracy existed; (b) the defendant and the declarant were members of the conspiracy; and (c) the statements were made by the declarant during the course of and in furtherance of the conspiracy.  United States v. Santiago, 582 F.2d 1128 (7th Cir. 1978); United States v. James, 590 F.2d 575 (5th Cir. 1979).

5.  That it is the function of this Court to make the above-referenced determination as to the admissibility of co-conspirator declarations outside the presence of the jury, either after a pretrial hearing or a review of a written offer of proof submitted by the government. United States v. Santiago, 582 F.2d 1128 (7th Cir. 1978); United States v. James, 590 F.2d 575 (5th Cir. 1979); Rule 104, Fed.R.Evid.

6.  That the pretrial hearing or written offer of proof contemplated by this motion will facilitate the orderly conduct of this trial and will avoid repetitious and constant objections that this defendant and others may have to such hearsay declarations and statements, and will avoid the risk that a mistrial would have to be granted if the evidentiary foundation for the admissibility of the co-conspirator declarations is not established by the government's proof.

WHEREFORE, defendant requests the entry of an order granting a pretrial hearing to determine the admissibility of alleged co-conspirator declarations under Rule 801(d)(2)(E), Fed.R.Evid., or, in the alternative, for the entry of an order compelling the government to submit a written offer of proof regarding the co-conspirator declarations which it intends to introduce under Rule 801(d)(2)(E), Fed.R.Evid.

Dated this 17th day of February, 2005.

                EISENBERG LAW OFFICES, S.C.

                /s/ Mark A. Eisenberg
                Mark A. Eisenberg
                Illinois State Bar Number: 06184263
                Wisconsin State Bar Number: 01013078
                308 E. Washington Avenue
                P. O. Box 1069
                Madison, WI  53701-1069
                Telephone:  (608) 256-8356
                Fax:  (608) 256-2875
                E-mail: mark@eisenberglaw.org
                Attorneys for Defendant David G. Ohlendorf

CERTIFICATE OF SERVICE

       I hereby certify that on February 17, 2005, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Atty. Robert Andre Alvarado | Robert_Alvarado@fd.org, roblaw@ivnet.com; mary_kedzior@fd.org; fontessa_sledge@fd.org |
| AUSA K. Tate Chambers | kimberly.ritthaler@usdoj.gov; diane.hayes@usdoj.gov; margo.l.scamp@usdoj.gov |
| Atty. Daniel G. O'Day | doday@cfgolaw.com, lguyon@cfgolaw.com |
| Atty. George F. Taseff | George_Taseff@fd.org, gtaseff@mtco.com; Mary_Kedzior@fd.org |

       I hereby certify that I have mailed by United States Postal Service the foregoing to the following non ECF participants:

Attorney Steven C. Rueckert
Law Offices of Steven C. Rueckert
53 W. Jackson Blvd., Suite 1410
Chicago, IL 60604

Attorney Peter J. Wilkes
7060 Centennial Drive, Suite 104
Tinley Park, IL 60477

       EISENBERG LAW OFFICES, S.C.

/s/ Mark A. Eisenberg
Mark A. Eisenberg
Illinois State Bar Number: 06184263
Wisconsin State Bar Number: 01013078
308 E. Washington Avenue
P. O. Box 1069
Madison, WI 53701-1069
Telephone: (608) 256-8356
Fax: (608) 256-2875
E-mail: mark@eisenberglaw.org
Attorneys for Defendant David G. Ohlendorf

4