U.S. Department of Justice

E-FILED
Thursday, 10 March, 2005 03:14:54 PM
Clerk, U.S. District Court, ILCD

United States Attorney
Central District of Illinois

One Technology Plaza                    (309) 671-7050
211 Fulton Street, Suite 400          FAX (309) 671-7259
Peoria, Illinois 61602

February 22, 2005

Daniel G. O'Day
Attorney at Law
415 Hamilton Boulevard
Peoria, IL 61602

Re:  United States v. James L. White
     Case 04-10084-02

Dear Mr. O'Day:

    Over the last few weeks, we have been working on preparing the discovery in the above-styled case. The discovery is voluminous. To date we have bate stamped over 12,100 pages. There is a large number of witnesses, including cooperating witnesses, event witnesses, document witnesses, expert witnesses, etc. There are more than 160 recorded conversations. There are over 30 video tapes. There are numerous "police contacts" such as search warrants, car stops, airport stops, etc. There are numerous records involving crime scene investigations of murders, shootings, bombings, and stabbings. And there are several types of documentary evidence such as phone tolls, pen register records, bank records, telephone records, real estate records, etc.

    Our main concern with respect to the discovery is the safety of our witnesses. As you will find when you read the discovery, various defendants have ordered persons murdered and attempted murder, have ordered and administered beatings, and have threatened the lives of persons and their families if those persons cooperate with the government against the Hells Angels. In fact, your defendant's club issued a wanted poster for two government witnesses. In spite of all of this violence, threatened violence, and pervasive intimidation, numerous persons have cooperated in this matter and many of

1

ATTACHMENT ONE

them have testified before the Federal Grand Jury. It is the government's duty to take every step possible to protect those witnesses and their families from retaliation by the defendants and the members of the Hells Angels and their associates. In order to carry out this duty, we will propose the following discovery procedure to the Court.

First, each counsel should sign and return the attached discovery agreement. This agreement limits disclosure of the discovery we will provide. Furthermore, because we are agreeing to provide discovery prior to the time table set by statute and because we are following our complete discovery policy and providing information not required by statute, we condition our compliance with our complete discovery policy on your agreement to provide reciprocal discovery including items not required by statute. Acceptance of the first installment of discovery by you will indicate your agreement to provide such reciprocal discovery. Please let me know immediately if you do intend to enter into this agreement, and we will make arrangements to establish a different discovery procedure.

In the very near future, we will make available for your inspection and copying all of the discovery which does not identify a government cooperating witness or disclose an ongoing investigation. This discovery includes the following:

(1) conviction records; (2) police reports of contact with the defendants, including car stops, search warrants, and other police contacts; (3) lab reports; (4) telephone records; (5) club records and notes; (6) personal member records; (7) department of correction records; (8) surveillance photographs; (9) pen register information; (10) crime scene reports; (11) financial documents; (12) bank records; and (13) real estate records.

We will also make available for your review tape recordings and transcripts of conversations involving the defendants that do not disclose the identity of witnesses. We will provide audio equipment to allow you to review the tapes. We will also provide video equipment to allow you to review the video tapes. These tapes do not include tapes identifying our witnesses. Those will be made available at the same time the Jencks material is made available.

The above discovery will be made available in the next ten days for your inspection and copying. Diane Hayes from our office is the discovery contact person for all discovery requests. She will arrange to meet with you in the U.S. Attorney's Office to review the discovery. Someone will also stay with you while you are reviewing the discovery. If you wish to make copies of any of the discovery, you will need to make arrangements to bring in a copier and someone to make the copies. Diane will work with you to make the discovery available as much as possible so that you can obtain your copies as quickly as possible. We suggest that if several defendants desire copies of the discovery that you coordinate with your fellow defense counsel to make one copy which you can then re-copy at your convenience for the other defendants. As has been the policy in our office for years and as reflected in the attached agreement, copies are for counsel only. They are not to be turned over to your client. This is especially true with respect to witness statements. We do not want to find copies of our discovery when we execute future search warrants. This has been a problem in the past and we hope to avoid it in the future.

We intend to ask the Court to set a firm trial date far enough in the future to allow you sufficient time to review the discovery, file pre-trial motions and prepare for trial. Once that trial date is set we will resist any continuance. At the final pre-trial for the firm trial date, we will make available to you the Brady and Giglio material on the government's cooperating witnesses. There are numerous cooperating witnesses. Many of them appeared before the grand jury. Although disclosing the Brady/Giglio material on these witnesses will identify who they are, we intend to withhold their witness statements until seven days before trial. This will prevent the defendants from determining who are the most important witnesses against them. Therefore, this will also prevent the defendants or anyone acting on their behalf from focusing on any particular witness for intimidation and retaliation.

Seven days before trial, we will make available the Jencks Act material, the witness interviews and the grand jury testimony of the cooperating witnesses. As you are aware, we are not required by statute to provide any Jencks Act material until after the witness has testified. Additionally, pursuant to statute, we are only required to provide witness statements that meet the requirements of 18 U.S.C. §3500. Nevertheless, we intend to make available for your inspection all witness statements. Also, we believe that we will be able to protect the safety of our witnesses seven days before trial and that the early discovery will not endanger them.

The final installment of discovery made available seven days before trial, should complete the entire discovery process. Please be advised, that although we are not providing all discovery far in advance of trial, we are still following our "complete discovery" policy. In other words, we intend to make available for your inspection and copying all of the discovery in this case. The only caveat is that we intend to hold some of the discovery to a time closer to trial to better allow us to provide protection for our witnesses and their families. If at any time you believe that we have overlooked an item of discovery or that we can help you locate any item, please do not hesitate to call Diane. It is our intent to provide all discovery as soon as possible to allow for the safety of our witnesses and we do not intend to withhold any items from your review. If you believe for any reason that your are not receiving full discovery, please let us know and we will take every reasonable step to address your concerns.

We are working on an indexing system for the discovery. If we are able to complete it in time, we will also provide you a copy if you wish to use it. Please be advised, however, that any index we provide should not be considered by you as a substitute for a thorough review of all of the evidence. Any discovery index, we provide to you is simply intended to make it easier for you to access the discovery. It is not a representation by our office that certain discovery is more important than other discovery, or that certain discovery should not be reviewed by you.

As has been our practice for the last few years in complex cases, the agents are willing to meet with you and outline the case against your client. Such a session may be valuable to you for plea negotiation purposes or to serve as a roadmap for your inspection of the discovery. Please be advised that they will give you as complete overview as possible while still protecting the safety of our witnesses. These sessions are only meant to serve as an aid to you and should not be considered as a substitute for a thorough review of the discovery by you. If you are interested in such a session, please contact Diane Hayes in this office.

Thank you in advance for your consideration in this matter.

Very truly yours,

JAN PAUL MILLER
UNITED STATES ATTORNEY

K. Tate Chambers
Supervisory Assistant United States Attorney

KTC:ksr

UNITED STATES OF AMERICA v. JAMES L. WHITE
No. 04-10084-02

## AGREEMENT

I represent a defendant in the above-styled case. I have received the discovery in the above-styled case from the United States Attorney's Office, Peoria, Illinois.

I agree that I will not copy the discovery and I will not allow it out of my custody. Furthermore, I will not allow my client to remove any of the discovery from my office.

In the event that I withdraw my representation in this case, I will return all of the discovery, including all witness statements, directly to the United States Attorney's Office. I will not transfer it to my client or to another attorney.

DATE: _____          SIGNED: _____

                                                 CLIENT NAME: _____