**E-FILED**
Friday, 11 March, 2005  03:48:35 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 04-10084** |
| | ) | |
| **MELVIN J. CHANCEY ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**GOVERNMENT'S COMBINED RESPONSE TO DEFENDANT ABRAMS' AND**
**OHLENDORF'S DISCOVERY MOTIONS**

Now comes the United States of America by Jan Paul Miller, United States Attorney, and

K. Tate Chambers, Supervisory Assistant United States Attorney, for the Central District of

Illinois, and in response to the above-named motions, (R.25,26,27,28, 29, 44, 45, 49, 55, 56, 57,

58, and 77) states the following:

**FACTS**

1.       On December 16,  2004 a federal grand jury sitting in the Central District of

Illinois returned a five count indictment against Melvin J. Chancey, aka: "Road" and "Mel",

James L. White, aka: "J.W.", David G. Ohlendorf, aka: "Pulley", and Richard A. Abrams. (R.1)

Count One is a RICO charge that alleges twelve racketeering acts including conspiracy to

commit murder, attempted murder, attempted arson, conspiracy to commit arson, attempted

extortion, robbery, witness tampering, and narcotics distribution conspiracy, all in violation of

18 U.S.C. §1962(c).  Count Two charges a racketeering conspiracy, in violation of 18 U.S.C. §

1962(d). Count Three alleges a narcotics distribution conspiracy, in violation of 21 U.S.C. §§

846 and 841(b)(1)(A).  Count Four is a RICO forfeiture count, pursuant to 18 U.S.C. § 1963(a),

and Count Five is a forfeiture count referring to the narcotics distribution conspiracy, pursuant to

18 U.S.C. § 853.

2.	On February 12, 2005 Abrams filed the following motions for discovery: Motion

for Production of Brady Materials, Motion for Rule 16 Disclosure of Expert Witness Testimony,

Motion to Require Notice of Intent to Use "Other Crimes" Evidence, Motion Regarding

Admissibility of Co-Conspirator Declarations, and Motion for Rule 16 Discovery. (R.25, 26, 27,

28, 29) On March 2, 2005 this defendant filed a Motion to Disclose Identity of Government's

Confidential Sources or Informants. (R.77)

3.	On February 17, 2005 defendant Ohlendorf filed his motions for discovery:

Motion For Discovery and Disclosure, Motion for Disclosure of Exculpatory Evidence, Motion

to Reveal Identities of and Produce Confidential Informants, Request for Government to

Disclose Notice of Intention to Introduce Evidence of Other Acts Under Fed.R.Evid.404(b),

Request for Specific Impeachment and Brady Material with supporting Memorandum of Law

and Request for Hearing, Motion Regarding Admissibility of Co-Conspirator Declarations, and

Motion for Rule 16 Disclosure of Expert Witness Testimony Sixty Days Before Trial. (R.44,

45,49, 55, 56, 57, 58)

<u>Motions For Production of Brady Materials</u> (R.25, 45, 56)

4.	In their motions, defendants Abrams and Ohlendorf seek the entry of an Order

directing the government to make inquiry and disclose to the defense prior to trial all documents,

materials and information that contain <u>Brady</u> material.  Under <u>Brady</u>, "the government must

disclose evidence favorable to the defendant that, if suppressed, would deprive the accused of a

2

fair trial." United States v. Beverly, 913 F.2d 337, 349 (7th Cir. 1990) (citing Brady).  "This duty extends to exculpatory evidence and to evidence that might be used to impeach the government's witnesses."  Id.  However, "Brady does not grant criminal defendants unfettered access to government files."  United States v. Phillips, 854 F.2d 273, 277 (7th Cir. 1988).  "A due process standard which is satisfied by mere speculation would convert Brady into a discovery device and impose an undue burden upon the district court."  United States v. Navarro, 737 F.2d 625, 631 (7th Cir.), cert. denied, 469 U.S. 1020 (1984).  Thus, a defendant is not entitled to review all of the government's files in search of exculpatory material.  Rather, "counsel must be satisfied with the representations of the prosecutor, fortified by judicial inspection in close cases." United States v. Danovaro, 877 F.2d 583, 589 (7th Cir. 1989).

5.    In this case, the defendants have submitted requests for any document that might conceivably contain Brady material.  Defendant Ohlendorf has also submitted an eleven page request and supporting memorandum of law for specific Brady materials.  The short answer to the defendants' requests is that the government is aware of and fully intends to comply with its obligations under Brady.  However, a number of the documents the defendants seek to review either do not exist, are not in the government's possession, or we are unaware whether they exist. The government is not required to relinquish material it does not possess, of which it was not aware, or over which it had no control. *United States v. Elem*, 269 F.3d 877, 883 (7th Cir. 2001).

6.    The question, then, is not if disclosure is required but when.  Well-settled and controlling Seventh Circuit authority holds that "there is nothing in Brady or [United States v. Agurs, 427 U.S. 97 (1976),] to require that such disclosures be made before trial . . ." United States v. Allain, 671 F.2d 248, 255 (7th Cir. 1982) (quotation omitted).  Rather, "the standard to

3

be applied in determining whether delay in disclosure violates due process is whether the delay prevented defendant from receiving a fair trial." Id. at 254-55.  "As long as ultimate disclosure is made before it is too late for the defendant to make use of any benefits of the evidence, Due Process is satisfied." United States v. Ziperstein, 601 F.2d 281, 291 (7th Cir. 1979), cert. denied, 444 U.S. 1031 (1980).

7.    Unless the  Court directs otherwise, the government intends to disclose all Brady material 14 days before trial.  This is more than sufficient time to enable the defendants to make use of any benefits of the evidence. See, e.g., United States v. Sweeney, 688 F.2d 1131, 1141 (7th Cir. 1982) (one-week disclosure prior to trial was sufficient and noting that "Brady does not require pre-trial disclosure of the materials"); United States v. Zambrana, 841 F.2d 1320, 1340 (7th Cir. 1988) (disclosure of Brady material just prior to commencement of trial did not violate due process); Allain, 671 F.2d at 254-55 (no Brady violation where evidence disclosed on day before trial began).

8.    Therefore, given the government's acknowledgment of its Brady obligation and its stated intention to disclose such evidence 14 days prior to trial, the defendants' motions should be denied as moot. See, e.g., United States v. Alex, 791 F.Supp. 723, 729 (N.D. Ill. 1992); (government's promise to comply with Brady rendered defendant's motion moot); United States v. Dominguez, 131 F.R.D. 556, 559 (N.D. Ill. 1990).

Motion for Rule 16 Disclosure of Expert Witness Testimony (R.26, 58)

9.    Fed.R.Crim.P. 16(a)(1)(E) requires the government to provide, at defendant's request, a written summary of the expert testimony that it intends to use during its case-in-chief. That summary must "describe the witnesses' opinions, the bases and the reasons for those

opinions, and the witnesses' qualifications." United States v. Duvall, 272 F.3d 825, 828 (7th Cir.

2001). The government is aware of its obligations under Rule 16(a)(1)(E) and will provided its

disclosure of expert witness testimony thirty days prior to trial, unless that Court directs

otherwise.  Defendant Ohlendorf's request for disclosure sixty days before trial is unreasonable

and the government asserts that thirty days will be ample time for defense counsel to make use of

the information in trial preparation.  Therefore, the government requests that the Court deny the

defense motions for Rule 16 Disclosure of Expert Witness Testimony as moot.

Motion To Require Notice of Intent To Use "Other Crimes" Evidence (R.27, 55)

10.     Fed.R.Evid. 404(b) evidence may be admitted if the evidence:

    1.)     is directed toward establishing a matter in issue other than
the defendant's propensity to commit the crime charged;

    2.)     shows that the other act is similar enough and close enough
in time to be relevant to the matter in issue;

    3.)     is sufficient to support a jury finding that the defendant
committed the similar act;

    4.)     has probative value that is not substantially outweighed by
the danger of unfair prejudice.

See U.S. v. Gibson, 170 F.3d 673 (7th Cir. 1999), U.S. v. Hernandez, 84 F.3d 931 (7th Cir.

1996), U.S. v. McCarthur, 6 F.3d 1270 (7th Cir. 1993), U.S. v. Davis, 838 F.2d 909 (7th Cir.

1988), U.S. v. Poole, 207 F.3d 893 (7th Cir. 2000).

11.     Reports of prior police contacts are contained in the discovery that is available to

defense counsel. The government fully intends to file a Notice of Intent to Use "Other Crimes"

Evidence fourteen days prior to trial, unless this Court directs otherwise.  Therefore, the

government requests that the Court deny the defense Motion To Require Notice of Intent To Use

5

"Other Crimes" Evidence as moot.

Motion Regarding Admissibility of Co-Conspirator Declarations (R.28, 57)

12.    The admission of co-conspirator statements under Fed.R.Evid. 801(d)(2)(E) requires the government to prove that a conspiracy existed, that the defendant and the declarant were members of that conspiracy, and that the offered statements were made during the course of and in furtherance of the conspiracy. Bourjaily v. United States, 483 U.S. 171, 175 (1987). See also United States v. Andrus, 775 F.2d 825, 836 (7th Cir. 1985); Santiago, 582 F.2d at 1134. Proof of the conspiracy's existence and the defendant and declarant's membership in the conspiracy constitute preliminary questions of fact for the court to resolve under Fed.R.Evid. 104(a). Bourjaily, 483 U.S. at 175; Santiago, 582 F.2d at 1133. The offering party must prove such facts by a preponderance of the evidence. Bourjaily, 483 U.S. at 176.

13.    Unless the Court directs otherwise, the government will submit a written offer of proof regarding the co-conspirator declarations which it intends to introduce under Rule 801(d)(2)(E), Fed.R.Evid. 14 days prior to trial - at the same time the Brady information is disclosed. Therefore, the government requests that the Court deny the defendant's Motion Regarding Admissibility of Co-Conspirator Declarations as moot.

Motion for Rule 16 Discovery (R.29, 44)

14.    The government fully intends to comply with the requirements of Rule 16 and refers this Court to the government's proposed discovery plan, as set forth in Attachment One. Therefore, the government requests that the Court deny the defendant's Motion For Rule 16 Discovery as moot.

Motion to Disclose Identity of Government's Confidential Source or Informant (R.49, 77)

6

15.      "Under established law, the government has a limited privilege to withhold the

identity of a confidential informant from disclosure." United States v. Bender, 5 F.3d 267, 269

(7th Cir. 1993) (citing Roviaro).  "The purpose of the privilege is the furtherance and protection

of the public interest in effective law enforcement."  353 U.S. at 59.  In determining whether to

reveal an informant's identity, a district court must balance:

> the public interest in protecting the flow of information against the
> individual's right to prepare his defense.  Whether a proper balance
> renders nondisclosure erroneous must depend on the particular
> circumstances of each case, taking into consideration the crime
> charged, the possible defenses, the possible significance of the
> informer's testimony, and other relevant factors.

Id. at 62.

16.      "When asserting the privilege the government need not make a threshold showing

that reprisal or retaliation is likely, because of the significant policy consideration behind the

privilege, as well as the difficulty of such proof." Id. at 60-62.  The government is granted the

privilege as of right, but it is a qualified privilege. Id.  The government's privilege of withholding

the identity of an informant "gives way once the defendant proves that the disclosure of the

informant's identity 'is relevant and helpful' to his defense 'or is essential to a fair determination

of a cause.'" Bender, 5 F.3d at 269 (quoting Roviaro, 353 U.S. at 60-61).

17.      Although a defendant is generally able to establish a right to disclosure "where

the informant is a key witness or participant in the crime charged," United States v. Saa, 859

F.2d 1067, 1073 (2d Cir. 1988), "several circuits have adopted the rule that pretrial disclosure of

informants' identities is not necessary where[, unlike Roviaro,] they will testify at trial." United

States v. Murgas, 1997 WL 216274, at *15 (N.D.N.Y. April 15, 1997) (citing cases).  In United

States v. Pennick, 500 F.2d 184, 186-87 (10th Cir.), cert. denied, 419 U.S. 1051 (1974), the court

held that, where the informant testifies, the government need not have disclosed his identity prior

to trial.  The court reasoned that:

> The significant difference between <u>Roviaro</u> and the instant case is
> that in the former the informer did not testify at trial, and in our
> case he did.  Such ruled out the possibility that the informer's
> testimony could somehow be helpful to [the defendant].  And there
> is nothing in the record to indicate prejudice resulting from the
> failure of defense counsel to be earlier apprised of the informer's
> identity.  Government counsel in his opening statement identified
> by name his witnesses, revealing at the time the name of the
> informant.  The informant was then called as the Government's
> first witness and was cross-examined in great detail.  There is
> nothing in the record to indicate that counsel was in anywise taken
> by surprise.  There was no request for any continuance.  Under the
> circumstances, we find no persuasive reason to depart from the
> aforementioned rule that in a case of this type the Government
> need not disclose prior to trial the identity of any of its witnesses.

500 F.2d at 187; <u>see</u> <u>also</u>, e.g., <u>United States v. Perkins</u>, 994 F.2d 1184, 1190-92 (6th Cir.)

(following <u>Pennick</u>), <u>cert. denied</u>, 510 U.S. 903 (1993); <u>United States v. Foster</u>, 815 F.2d 1200,

1203 (8th Cir. 1987); <u>Murgas</u>, 1997 WL 216274, at \*15 (pretrial disclosure not required where

informant was to testify at trial).

     18.     Although the government submits that the defendant is not entitled to pretrial

disclosure of the identity of the informants, the government will disclose the identity of the

informants when it provides Brady/Giglio material 14 days prior to trial.  Therefore, the

government requests that the Court deny the defendants' Motions to Disclose Identity of

Government's Confidential Sources or Informants as moot.

## CONCLUSION

WHEREFORE, for the reasons stated above, the government requests that this Honorable

Court deny defendant Abrams' and Ohlendorf's discovery motions as moot.


Respectfully submitted,

UNITED STATES OF AMERICA

JAN PAUL MILLER
UNITED STATES ATTORNEY


s/K. Tate Chambers
K. Tate Chambers
Assistant United States Attorney
One Technology Plaza
211 Fulton, Suite 400
Peoria, Illinois 61602
Telephone: (309) 671-7050

CERTIFICATE OF SERVICE

It is hereby certified that I electronically filed the foregoing **GOVERNMENT'S**

**COMBINED RESPONSE TO DEFENDANT ABRAMS' AND OHLENDORF'S**

**DISCOVERY MOTIONS** with the Clerk of the Court using the CM/ECF system which will

send notification of such filing to the parties listed below.

Daniel G. O'Day
Attorney at Law
415 Hamilton Blvd.
Peoria, IL 61602-1102

Mark A. Eisenburg
Attorney at Law
308 E. Washington Ave.
P.O. Box 1069
Madison, WI 53701-1069

George F. Taseff
Assistant Federal Defender
401 Main Street, Suite 1500
Peoria, Illinois 61602

Rob Alvarado
Assistant Federal Defender
401 Main Street, Suite 1500
Peoria, Illinois 61602

Peter J. Wilkes
Attorney at Law
7060 Centennial Dr.,  Suite 104
Tinley Park, IL 60477

Service of the foregoing has also been made on the party listed below by depositing a copy

thereof in the United States mail, postage prepaid, addressed to:

Steven C. Rueckert
Attorney at Law
53 W. Jackson Blvd., Suite 1410
Chicago, IL 60604

March 11, 2005                                    s/Diane Hayes
Date                                                    Diane Hayes
                                                            Paralegal Specialist