E-FILED
Friday, 11 March, 2005  04:01:44 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal No. 04-10084 |
| | ) | |
| MELVIN J. CHANCEY ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

### GOVERNMENT'S COMBINED RESPONSE TO DEFENDANT OHLENDORF'S DISCOVERY MOTIONS

Now comes the United States of America by Jan Paul Miller, United States Attorney, and K. Tate Chambers, Supervisory Assistant United States Attorney, for the Central District of Illinois, and in response to the above-named motions, (R.47, 48, 50, 51, 52, 53, and 54) states the following:

### FACTS

1.      On December 16, 2004 a federal grand jury sitting in the Central District of Illinois returned a five count indictment against Melvin J. Chancey, aka: "Road" and "Mel", James L. White, aka: "J.W.", David G. Ohlendorf, aka: "Pulley", and Richard A. Abrams. (R.1) Count One is a RICO charge that alleges twelve racketeering acts including conspiracy to commit murder, attempted murder, attempted arson, conspiracy to commit arson, attempted extortion, robbery, witness tampering, and narcotics distribution conspiracy, all in violation of 18 U.S.C. §1962(c). Count Two charges a racketeering conspiracy, in violation of 18 U.S.C. § 1962(d). Count Three alleges a narcotics distribution conspiracy, in violation of 21 U.S.C. §§

846 and 841(b)(1)(A).  Count Four is a RICO forfeiture count, pursuant to 18 U.S.C. § 1963(a), and Count Five is a forfeiture count referring to the narcotics distribution conspiracy, pursuant to 18 U.S.C. § 853.

2.  On February 17, 2005 Ohlendorf filed the following motions for discovery: Motion for Disclosure of List of Persons Appearing Before Grand Jury, Motion for Disclosure of Grand Jury Transcripts and Minutes, Motion for Disclosure of Jenck's Act Material 30 Days Before Trial, Motion to Disclose Use of "Pen Register", Motion for Disclosure of Mail Interception or Cover, Motion to Require Preservation and Retention of Original Notes, and Motion to Disclosed Government's Intention to Use Evidence Pursuant to Rule 12(b)(4) of the Federal Rules of Criminal Procedure. (R.47, 48, 50, 51, 52, 53, and 54)

<u>Motion For Disclosure of List of Persons Appearing Before Grand Jury (R.47) and Motion For Disclosure of Grand Jury Transcripts and Minutes (R.48)</u>

3.  There is a "long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts."  <u>United States v. Procter & Gamble Co.</u>, 356 U.S. 677, 681 (1958).  This public policy serves "to encourage all witnesses to step forward and testify freely without fear of retaliation." <u>Id</u>. at 682.  Grand jury secrecy is maintained because "[t]he grand jury as a public institution serving the community might suffer if those testifying today knew that the secrecy of their testimony would be lifted tomorrow."  <u>Id</u>.  To preserve the institution, the secrecy is not broken "except where there is a compelling necessity" for the material.   Such necessity "must be shown with particularity." <u>Id</u>.

4.  A defendant is not entitled to a disclosure of grand jury proceedings without some demonstration of "particularized need". <u>United States v. Edelson</u>, 581 F.2d 1290, 1291 (7th Cir.1978).  A defendant's unsupported speculation about improper conduct before the grand

2

jury does not demonstrate "particularized need" and does not entitle the defendant to disclosure of the grand jury proceedings. United States v. Edelson, 581 F.2d 1290, 1291 (7th Cir.1978).

5. Our judicial system consistently has recognized that the proper functioning of grand jury proceedings depends upon their absolute secrecy. Matter of Grand Jury Proceedings, Special September 1986, 942 F.2d 1195, 1198 (7th Cir.1991). The rule of grand jury secrecy is an integral part of our criminal justice system. Fed.R.Crim.P. 6(e) codifies the requirement that grand jury proceedings generally be kept secret. Id.

6. Rule 6, Fed.R.Crim.P., provides that the secrecy of grand jury proceedings may be violated "when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury." United States v. English, 501 F.2d 1254, 1257 (7th Cir. 1974).

7. In United States v. English, 501 F.2d 1254 (7th Cir. 1974) the Seventh Circuit found that the district court did not err when it did not permit the defendants to inspect the minutes of the grand jury which indicted them, so that they could determine whether the indictment was based on hearsay and whether the grand jury had probable cause to indict them. Disclosure is "committed to the discretion of the trial judge" and "the burden . . . is on the defense to show that 'a particularized need' exists for the minutes which outweighs the policy of secrecy." Id. at 1257. See also United States v. Wilkinson, 513 F.2d 227, 233 (7th Cir. 1975)(no authority cited requiring the trial court to engage in a fishing expedition into the secrecy of grand jury deliberations.)

8. In the interest of preserving grand jury secrecy and witness safety, the

3

government proposes the disclosure of a list of persons appearing before the grand jury and/or grand jury 14 days prior to trial. All transcripts of grand jury witnesses will be provided to defense counsel seven days prior to trial.

Motion for Disclosure of Jenck's Act Material 30 Days Before Trial (R.50)

9. The Jencks Act provides that "witness statements in the possession of the United States which relate to the subject matter as to which the witness testifies shall be turned over to the defendant for examination and use." *United States v. Elem*, 269 F.3d 877, 882 (7th Cir. 2001). To ensure the meaningful confrontation of government witnesses, the Act requires the government, upon the defendant's motion, to produce statements made by any of its witnesses which the particular witnesses signed, adopted, or approved, and which pertain to their testimony at trial. 18 U.S.C. § 3500(b); see also Fed.R.Crim.P. 26.2; *United States V. Johnson*, 200 F.3d 529, 534 (7th Cir. 2000). The hope is that these statements will afford the defense a basis for effective cross-examination of government witnesses and the possible impeachment of their testimony without overly burdening the government with a duty to disclose all of its investigative material. *Id*. The general rule is that the defendant is required to request disclosure following the witness's direct testimony. *United States v. Knapp*, 25 F.3d 451, 461 (7th Cir. 1994)

10. In the interest of witness safety, the government objects to the disclosure of Jenck's Act Material thirty days before trial and proposes the release of Jenck's materials seven days prior to trial, as outlined in our discovery proposal of February 22, 2005.

Motion to Disclose the Use of "Pen Register" (R.51)

11.     The government has no objection to disclose any and all documents pertaining to pen registers in this matter.

<u>Motion For Disclosure of Mail Interception or Cover (R.52)</u>

12.     The government is following its complete discovery policy. Any and all mail cover information will be made available to defense counsel.

<u>Motion to Require Preservation and Retention of Original Notes</u> (R.53)

13.     The government will advise all of the case agents to preserve original notes of their interviews.

<u>Motion to Disclose Government's Intention to Use Evidence Pursuant to Rule12(b)(4) (R.54)</u>

14.     The government is following its complete discovery policy. All information we have and intend to use at trial is being made available to defense counsel.

## **CONCLUSION**

WHEREFORE, for the reasons stated above, the government requests that this Honorable Court deny defendant Ohlendorf's discovery motions as moot.

Respectfully submitted,

UNITED STATES OF AMERICA

JAN PAUL MILLER
UNITED STATES ATTORNEY


s/K. Tate Chambers
K. Tate Chambers
Assistant United States Attorney
One Technology Plaza
211 Fulton, Suite 400
Peoria, Illinois 61602
Telephone: (309) 671-7050

CERTIFICATE OF SERVICE

It is hereby certified that I electronically filed the foregoing **GOVERNMENT'S COMBINED RESPONSE TO DEFENDANT OHLENDORF'S DISCOVERY MOTIONS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties listed below.

>Daniel G. O'Day
>Attorney at Law
>415 Hamilton Blvd.
>Peoria, IL 61602-1102
>
>Mark A. Eisenburg
>Attorney at Law
>308 E. Washington Ave.
>P.O. Box 1069
>Madison, WI 53701-1069
>
>George F. Taseff
>Assistant Federal Defender
>401 Main Street, Suite 1500
>Peoria, Illinois 61602
>
>Rob Alvarado
>Assistant Federal Defender
>401 Main Street, Suite 1500
>Peoria, Illinois 61602
>
>Peter J. Wilkes
>Attorney at Law
>7060 Centennial Dr., Suite 104
>Tinley Park, IL 60477

Service of the foregoing has also been made on the parties listed below by depositing a copy thereof in the United States mail, postage prepaid, addressed to:

>Steven C. Rueckert
>Attorney at Law
>53 W. Jackson Blvd., Suite 1410
>Chicago, IL 60604

| March 11, 2005 | s/Diane Hayes |
|---|---|
| Date | Diane Hayes |
| | Paralegal Specialist |