E-FILED
Friday, 11 March, 2005 04:35:44 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal No. 04-10084-04 |
| ) | |
| MELVIN J. CHANCEY ET AL., ) | |
| ) | |
| Defendants. ) | |

## GOVERNMENT'S COMBINED RESPONSE TO DEFENDANT WHITE'S MOTIONS TO STRIKE RACKETEERING ACTS

Now comes the United States of America by Jan Paul Miller, United States Attorney, and K. Tate Chambers, Supervisory Assistant United States Attorney, for the Central District of Illinois, and in response to the above-named motions, (R.31,32,33,35 and 71) states the following:

## FACTS

1.     On December 16, 2004 a federal grand jury sitting in the Central District of Illinois returned a five count indictment against Melvin J. Chancey, aka: "Road" and "Mel", James L. White, aka: "J.W.", David G. Ohlendorf, aka: "Pulley", and Richard A. Abrams. (R.1) Count One is a RICO charge that alleges twelve racketeering acts including conspiracy to commit murder, attempted murder, attempted arson, conspiracy to commit arson, attempted extortion, robbery, witness tampering, and narcotics distribution conspiracy, all in violation of 18 U.S.C. §1962(c). Count Two charges a racketeering conspiracy, in violation of 18 U.S.C. § 1962(d). Count Three alleges a narcotics distribution conspiracy, in violation of 21 U.S.C. §§

1

846 and 841(b)(1)(A).  Count Four is a RICO forfeiture count, pursuant to 18 U.S.C. § 1963(a), and Count Five is a forfeiture count referring to the narcotics distribution conspiracy, pursuant to 18 U.S.C. § 853.

2. On February 14, 2005 White filed the current motions to strike racketeering acts 9, 12, and 3. (R.31, 32, 33) On February 14 and 15, 2005 the defendant filed his Motion and Amended Motion to Dismiss and Strike Racketeering Acts 1A, 1B, 2A, 5A, 6A, 6B, 10A, 10B, 11A, and 11B. (R.34, 35) On February 18, 2005 White filed his motion to dismiss and strike racketeering acts 10B and 11B.  (R.70)

3. In his Motion to Strike Racketeering Act 9, the defendant argues that the allegation contained in Racketeering Act 9 is "legally insufficient, because an insufficient federal nexus is alleged." (R.31, ¶3) White complains that the law enforcement officials with whom "R.R." was cooperating, as alleged in R.A.9, are not identified as federal officers. (R.31, ¶3)

4. In his Motion to Strike Racketeering Act 12, the defendant complains about a date discrepancy and states that "a portion of Racketeering Act 12 obviously falls outside the duration of the alleged RICO offense". (R.32, ¶2)

5. In his Motion to Strike Racketeering Act 3, the defendant argues that the event contained therein is totally unrelated to the RICO or other charges in the indictment and there is an insufficient nexus to interstate commerce; a failure to plead a violation of the "Hobbs Act". (R.33, ¶¶1, 3)

6. In his Motion to Dismiss and Strike Racketeering Acts 10B and 11B, White argues that the offenses alleged are based upon 720 ILCS 5/8-4(a) and 9-1(a)(1), which were held unconstitutional by *People v. Morgan*, 203 Ill.2d 470 (2003). (R.70, ¶¶1-4)

7. In his Motion to Dismiss and Strike Racketeering Acts 1A, 1B, 2A, 5A, 6A, 6B, 10A, 10B, 11A, and 11B, White states that the indictment fails to plead the necessary elements of state law offenses, specifically, requisite intent and "without lawful justification". (R.34) In his amended motion, the defendant makes the requisite intent argument for 1A, 5A, 6A, 10A, and 11A. (R.35, ¶1) With respect to Racketeering Act 11B, defendant complains that the allegation of intent "falls short of what should be expected". (R.35, ¶2) The "without lawful justification" argument applies to all of the racketeering acts named in his motion. (R.35, ¶3)

## **THE LAW**

8. An indictment must adequately charge the elements of an offense, fairly inform the defendant of the charges he must meet, and contain enough detail to permit the defendant to plead double jeopardy in a future prosecution based on the same set of events. *United States v. Fassnacht*, 332 F.3d 440, 444-45 (7th Cir. 2003).

9. An indictment is sufficient when it sets forth the offense in the words of the statute itself, as long as those words expressly set forth all the elements necessary to constitute the offense intended to be punished. *United States v. Torres*, 191 F.3d 799, 805 (7th Cir. 1999); *rehearing and rehearing en banc denied 1999.* Indictments are reviewed as a whole, rather than in a hypertechnical manner. *Id.*

10. In a RICO indictment, the government must allege these elements: a person is (1) employed by or associated with (2) an enterprise (3) engaged in or affecting interstate commerce, (4) where that person conducts or participates in a pattern of racketeering activity or the collection of an unlawful debt. *United States v. Palumbo Bros., Inc.*, 145 F.3d 850, 867 (7th Cir. 1998; *citing Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985). To establish a

criminal violation of RICO, the government must first establish predicate acts in a pattern of criminal activity. *Palumbo* at 867-68.

Racketeering Acts 1A, 1B, 2A, 5A, 6A, 6B, 10A, 11A and 11B

11. Only a "generic definition" of an underlying state crime is required in a RICO indictment, as distinguished from "the elements of the penal codes of the various states where acts of racketeering occurred." *United State v. Orena*, 32 F.3d 704, 713-14 (2d Cir. 1994). The RICO statute, 18 U.S.C. § 1961(1)(A) (1982), defines "racketeering activity" as "any act or threat involving murder, kidnaping, gambling, arson, robbery, extortion, or dealing in narcotic or other dangerous drugs, which is chargeable under State law and punishable by imprisonment for more than one year". *United States v. Paone*, 782 F.2d 386, 393-94 (2d Cir. 1986). Congress did not intend to incorporate the various states' procedural and evidentiary rules into the RICO statute. *Id*. The statute is meant to define, in a more generic sense, the wrongful conduct that constitutes the predicates for a federal racketeering charge. *Id*.

12. Count One of the indictment in this matter sufficiently sets forth the elements of 1962(c). The elements, as alleged are:

> A) That the Chicago, Rockford, and Illinois Nomad Spring Valley chapters of the Hells Angels are an enterprise within the meaning of the statute;
>
> B) That the defendants were associated with the enterprise during the times alleged; (1994 through in or about the present)
>
> C) That the defendants knowingly conducted or participated, directly or indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity as alleged; and
>
> D) That the enterprise engaged in, or its activities affected, interstate commerce.

(R.1; ¶¶ 1-7)

13. Each defendant is charged with at least two racketeering acts. (R.1, ¶¶ 8-28)

14. The federal nexus for the RICO charge, as alleged in Count One, is that the enterprise "was engaged in, and its activities affected, interstate and foreign commerce". (R.1; ¶3) Also, "[m]embers of the enterprise and their associates traveled in interstate commerce in order to further the goals of the enterprise." (R.1; ¶6h)

15. This indictment adequately charges the elements of the RICO offense, fairly informs the defendants of the charges against them to prepare a defense, and contains enough detail to permit the defendants to plead double jeopardy in a future prosecution based on the same set of events. The acts supporting a pattern of racketeering activity do no need to be pled with specificity.

Racketeering Act 12

16. Racketeering Act 12 covers the time included within the period of the RICO charge.

Racketeering Act 3

17. Racketeering Act 3 reflects an event which occurred and names defendant Chancey in an attempted extortion at the Skybox Lounge. The fact that the defendants participated in different predicate acts does not mean that they cannot be convicted of participating in the same RICO. *United States v. Campione*, 942 F.2d 429, 436 (7th Cir.1991). Racketeering Act 3 is related to the furtherance of the affairs of the enterprise. It relates to all of the purposes of the enterprise, as stated in ¶¶4(a) - (d) of the indictment. White complains that this act is too prejudicial to the co-defendants who are not named in this act. White would have this Court believe that an act of attempted extortion is too prejudicial, when the other

racketeering acts depict conspiracy to murder and attempted murder.

Racketeering Acts 10A and 11A

18. Racketeering Acts 10A and 11A contain alleged violations of 720 ILCS 5/9-1(a)(1) and 8-2(a). These Illinois Statutes have not been found unconstitutional. The first degree murder statute, 5/9-1(a)(1) certainly is punishable by more than one year imprisonment and the conspiracy statute, 5/8-2 is punishable by imprisonment for more than one year for conspiracy to commit first degree murder:

> (c) Sentence.
>
> A person convicted of conspiracy may be fined or imprisoned or both not to exceed the maximum provided for the offense which is the object of the conspiracy, except that if the object is an offense prohibited by Sections 11- 15, 11-16, 11-17, 11-19, 24-1(a)(1), 24-1(a)(7), 28-1, 28-3 and 28-4 of the "Criminal Code of 1961", approved July 28, 1961, as amended, or prohibited by Sections 404 or 406(b) of the "Illinois Controlled Substances Act", enacted by the 77th General Assembly, or an inchoate offense related to any of the aforesaid principal offenses, the person convicted may be sentenced for a Class 3 felony however, conspiracy to commit treason, first degree murder, or aggravated kidnapping shall not be sentenced in excess of a Class 2 felony, and conspiracy to commit any offense other than those specified in this subsection, and other than those set forth in Sections 401, 402, or 407 of the Illinois Controlled Substances Act, shall not be sentenced in excess of a Class 4 felony.

720 ILCS 5/8-2(c).

Racketeering Acts 10B and 11B

19. Racketeering Acts 10B and 11B contain alleged violations of 720 ILCS 5/8-4(a). The attempt statute, 720 ILCS 5/8-4, as amended in Public Act 91-404, (effective date January 1, 2000) was held unconstitutional by *People v. Morgan*, 786 N.E.2d 994, 1007 (Illinois, 2003) on January 24, 2003. The court found the attempt statute unconstitutional because it could expose a defendant to a greater sentence if the victim survived in an attempted murder case. *Id.* However,

6

Public Act 91-0696, (effective date April 13, 2000) was passed to amend the sentencing provisions provided in P.A. 91-404 and re-enacted the attempt statute, 720 ILCS 5/8-4, which is once again deemed to be "good law". *See People v. Moore*, 797 N.E.2d 217, 230-231 (2d Dist. 2003).

20.     Racketeering Acts 10A, 10B, 11A, and 11B are chargeable under State law and are punishable by imprisonment for more than one year. They should not be dismissed or stricken from the indictment.

## **CONCLUSION**

WHEREFORE, for the reasons stated above, the government requests that this Honorable Court deny defendant White's motions to strike and dismiss the racketeering acts.

Respectfully submitted,

UNITED STATES OF AMERICA

JAN PAUL MILLER
UNITED STATES ATTORNEY


s/K. Tate Chambers
K. Tate Chambers
Assistant United States Attorney
One Technology Plaza
211 Fulton, Suite 400
Peoria, Illinois 61602
Telephone: (309) 671-7050

CERTIFICATE OF SERVICE

It is hereby certified that I electronically filed the foregoing **GOVERNMENT'S COMBINED RESPONSE TO DEFENDANTS' MOTIONS FOR REVIEW AND REVOCATION OF DETENTION ORDERS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties listed below.

>Daniel G. O'Day
>Attorney at Law
>415 Hamilton Blvd.
>Peoria, IL 61602-1102
>
>Mark A. Eisenburg
>Attorney at Law
>308 E. Washington Ave.
>P.O. Box 1069
>Madison, WI 53701-1069
>
>George F. Taseff
>Assistant Federal Defender
>401 Main Street, Suite 1500
>Peoria, Illinois 61602
>
>Rob Alvarado
>Assistant Federal Defender
>401 Main Street, Suite 1500
>Peoria, Illinois 61602
>
>Peter J. Wilkes
>Attorney at Law
>7060 Centennial Dr., Suite 104
>Tinley Park, IL 60477

Service of the foregoing has also been made on the parties listed below by depositing a copy thereof in the United States mail, postage prepaid, addressed to:

>Steven C. Rueckert
>Attorney at Law
>53 W. Jackson Blvd., Suite 1410
>Chicago, IL 60604

| | |
|---|---|
| <u>Mar. 11, 2005</u><br>Date | <u>s/Diane Hayes</u><br>Diane Hayes<br>Paralegal Specialist |

9