UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal No. 04-10084-03 |
| | ) | |
| MELVIN J. CHANCEY ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

### GOVERNMENT'S RESPONSE TO DEFENDANT OHLENDORF'S MOTION TO DISMISS AND STRIKE RACKETEERING ACT 6B

Now comes the United States of America by Jan Paul Miller, United States Attorney, and K. Tate Chambers, Supervisory Assistant United States Attorney, for the Central District of Illinois, and in response to the above-named motion, (R.61) states the following:

### FACTS

1.  On December 16, 2004 a federal grand jury sitting in the Central District of Illinois returned a five count indictment against Melvin J. Chancey, aka: "Road" and "Mel", James L. White, aka: "J.W.", David G. Ohlendorf, aka: "Pulley", and Richard A. Abrams. (R.1) Count One is a RICO charge that alleges twelve racketeering acts including conspiracy to commit murder, attempted murder, attempted arson, conspiracy to commit arson, attempted extortion, robbery, witness tampering, and narcotics distribution conspiracy, all in violation of 18 U.S.C. §1962(c). Count Two charges a racketeering conspiracy, in violation of 18 U.S.C. § 1962(d). Count Three alleges a narcotics distribution conspiracy, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Count Four is a RICO forfeiture count, pursuant to 18 U.S.C. § 1963(a),

and Count Five is a forfeiture count referring to the narcotics distribution conspiracy, pursuant to 18 U.S.C. § 853.

2.      On February 17, 2005 Ohlendorf filed the current motion to dismiss and strike racketeering act 6B. (R.61)  In his motion, the defendant argues that Racketeering Act 6B of the indictment reflects a charge for which he was acquitted in state court and that double jeopardy precludes him from being found guilty of the same act. (R.61)

## THE LAW

3.      It is a fundamental principle of our dual criminal systems that even criminal acts which form the basis of a prior state acquittal can be used as predicate acts in a federal proceeding without violating double jeopardy. *United States v. Farmer*, 924 F.2d 647, 649 (7th Cir. 1991).  The "dual sovereignty" doctrine is that a conviction or acquittal by one sovereign does not constitute prior jeopardy for purposes of prosecution by the other sovereign. *Id*.  Hence, a federal RICO conviction which includes predicate acts for which a defendant has already been acquitted under state law does not violate double jeopardy. *Id*. at 650.  Simply put, a conviction or acquittal by one sovereign does not constitute prior jeopardy for purposes of prosecution by the other sovereign. *Id*. at 649.

4.      The defendant cites to *United States v. Shenberg,* 89 F.3d 1461 (11th Cir. 1996). This case does not apply because it pertains to the retrial of mistried counts by the federal government.

5.      The defendant cites to *United States v. Levasseur*, 846 F.2d 786 (1st Cir. 1988), which, likewise, does not apply.  In *Levasseur*, the issue was whether the government could use charges in predicate acts which it had promised not to prosecute in a prior case as a part of a plea

2

bargain.

6.      Finally, the defendant cites *United States v. Bailin*, 977 F.2d 270 (7th Cir. 1992). The defendants in *Bailin* were retried on counts for which they were previously tried in United States District Court. The holding that "the government may not prove acquitted counts as predicate acts for subsequent RICO violations" applies in situations where a defendant is acquitted in a federal prosecution and then the charge is alleged as a predicate act in a RICO indictment.

7.      Defendant Ohlendorf states that he was acquitted in state court for the charge of attempted murder related to the event depicted in Racketeering Act 6B of the indictment. Under the dual sovereignty doctrine, Racketeering Act 6B is properly included in the indictment.

## CONCLUSION

WHEREFORE, for the reasons stated above, the government requests that this Honorable Court deny defendant Ohlendorf's motion to dismiss and strike racketeering act 6B.

Respectfully submitted,

UNITED STATES OF AMERICA

JAN PAUL MILLER
UNITED STATES ATTORNEY


s/K. Tate Chambers
K. Tate Chambers
Assistant United States Attorney
One Technology Plaza
211 Fulton, Suite 400
Peoria, Illinois 61602
Telephone: (309) 671-7050

CERTIFICATE OF SERVICE

It is hereby certified that I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANT OHLENDORF'S MOTION TO DISMISS AND STRIKE RACKETEERING ACT 6B** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties listed below.

    Daniel G. O'Day
    Attorney at Law
    415 Hamilton Blvd.
    Peoria, IL 61602-1102

    Mark A. Eisenburg
    Attorney at Law
    308 E. Washington Ave.
    P.O. Box 1069
    Madison, WI 53701-1069

    George F. Taseff
    Assistant Federal Defender
    401 Main Street, Suite 1500
    Peoria, Illinois 61602

    Rob Alvarado
    Assistant Federal Defender
    401 Main Street, Suite 1500
    Peoria, Illinois 61602

    Peter J. Wilkes
    Attorney at Law
    7060 Centennial Dr., Suite 104
    Tinley Park, IL 60477

Service of the foregoing has also been made on the parties listed below by depositing a copy thereof in the United States mail, postage prepaid, addressed to:

    Steven C. Rueckert
    Attorney at Law
    53 W. Jackson Blvd., Suite 1410
    Chicago, IL 60604

| | |
|---|---|
| <u>March 11, 2005</u> | s/Diane Hayes |
| Date | Diane Hayes |
| | Paralegal Specialist |