UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Criminal No. 04-10084-03 |
| | ) | |
| **MELVIN J. CHANCEY ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT OHLENDORF'S MOTION TO
DISMISS THE RICO COUNTS IN THE INDICTMENT**

Now comes the United States of America by Jan Paul Miller, United States Attorney, and K. Tate Chambers, Supervisory Assistant United States Attorney, for the Central District of Illinois, and in response to the above-named motion, (R.59) states the following:

**FACTS**

1.  On December 16, 2004 a federal grand jury sitting in the Central District of Illinois returned a five count indictment against Melvin J. Chancey, aka: "Road" and "Mel", James L. White, aka: "J.W.", David G. Ohlendorf, aka: "Pulley", and Richard A. Abrams. (R.1) Count One is a RICO charge that alleges twelve racketeering acts including conspiracy to commit murder, attempted murder, attempted arson, conspiracy to commit arson, attempted extortion, robbery, witness tampering, and narcotics distribution conspiracy, all in violation of 18 U.S.C. §1962(c). Count Two charges a racketeering conspiracy, in violation of 18 U.S.C. § 1962(d). Count Three alleges a narcotics distribution conspiracy, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Count Four is a RICO forfeiture count, pursuant to 18 U.S.C. § 1963(a),

and Count Five is a forfeiture count referring to the narcotics distribution conspiracy, pursuant to 18 U.S.C. § 853.

2.   On February 17, 2005 Ohlendorf filed the current motion to dismiss the RICO counts in the indictment. (R.59) In his motion, the defendant argues that "the [i]ndictment fails to allege any RICO enterprise distinct and separate from the organization inherent in the pattern of racketeering activities." He urges this Court to dismiss Counts One and Two because "the purpose of the enterprise, according to the indictment, was to commit various criminal acts".

## **THE LAW**

3.   In a RICO indictment, the government must allege these elements: a person is (1) employed by or associated with (2) an enterprise (3) engaged in or affecting interstate commerce, (4) where that person conducts or participates in a pattern of racketeering activity or the collection of an unlawful debt. *United States v. Palumbo Bros., Inc.*, 145 F.3d 850, 867 (7th Cir. 1998; *citing Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985). To establish a criminal violation of RICO, the government must first establish predicate acts in a pattern of criminal activity. *Palumbo* at 867-68.

4.   To sufficiently state a cause of action for RICO pursuant to 18 U.S.C. § 1962(c), the government must demonstrate (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *See McDonald v. Schencker*, 18 F.3d 491, 494 (7th Cir. 1994). A pattern of racketeering activity consists of at least two predicated acts of racketeering committed within a ten-year period. *Id.* RICO defines "racketeering activity" as "predicate acts", acts indictable under any one of several federal or state offenses. *Id.*

5. 18 U.S.C. §1961(4) defines enterprise as "any individual, partnership, corporation, association or other legal entity and any union or group of individuals associated in fact although not a legal entity". That definition includes both legitimate and illegitimate enterprises within its scope. *United States v. Turkette*, 452 U.S. 576, 580 (1981).

6. In *Richmond v. Nationwide Cassel L.P.*, 52 F.3d 640, 645 (7th Cir. 1995), the Court wrote, "...there need not be much structure, but the enterprise must have some continuity and some differentiation of the roles within it. There must also be a 'common purpose of engaging in a course of conduct' although the motive for the enterprise need not be an economic one." *Id*. The court also wrote, "[a] RICO enterprise is 'an ongoing structure of persons associated through time, joined in purpose, and organized in a manner amenable to hierarchical or consensual decision-making." *Id*. at 644, citing *Jennings v. Emery*, 910 F.2d 1434, 1440 (7th Cir. 1990).

7. The enterprise must have structure and goals separate from the predicate acts themselves. *United States v. Torres*, 191 F.3d 799, 805-06 (7th Cir. 1999); *United States v. Korando*, 29 F.3d 1114, 1117 (7th Cir. 1994).

8. The Seventh Circuit Pattern Jury Instruction defining enterprise states:

> The term "enterprise" can include a group of people [or legal entities] associated together for a common purpose of engaging in a course of conduct. This group may be associated together for purposes that are both legal and illegal.
>
> In considering whether a group is an "enterprise", you should consider whether it has an ongoing organization or structure, either formal or informal, and whether the various members of the group functioned as a continuing unit. [A group may continue to be an "enterprise" even if it changes membership by gaining or losing

> members over time.]
>
> The government must prove that the group described in the indictment was the "enterprise" charged, but need not prove each and every allegation in the indictment about the enterprise or the manner in which the enterprise operated. The government must prove the association had some form or structure beyond the minimum necessary to conduct the charged pattern of racketeering.

Seventh Circuit Pattern Jury Instructions for 18 U.S.C. §1961(4).

9. In *Torres*, defendants challenged the sufficiency of the indictment to allege a RICO enterprise, claiming that the government did not offer proof of the enterprise separate from the pattern of racketeering. *Id*. at 804. The superseding indictment alleged the existence of an enterprise using the following language:

> [The defendants] were an "enterprise" as that term is defined in Title 18, United States Code, Section 1961(4), namely a group of individuals who were associated in fact, which enterprise engaged in and the activities of which affected interstate and foreign commerce.... It was the purpose of the enterprise to obtain money and property, and to enforce the repayment of debts, through a course of kidnaping and intimidating individuals whom the defendants believed to owe, or whom they believed to be related to persons who owed, debts arising from the illegal trafficking of cocaine.

*Id*. at 805.

The defendants' challenge failed and the Seventh Circuit Court of Appeals stated:

> Upon examination, we believe the indictment sufficiently alleges the existence of a RICO enterprise. It follows the words of the statute itself and alleges an enterprise made up of the defendants. It provides structure to the enterprise by explaining who participated in it, what they did and its purpose, means, and methods. It is clearly an "association-in-fact", which is "a group of persons associated together for a common purpose of engaging in a course of conduct." The defendants were associated to collect drug debts through a course of conduct including kidnapping, intimidation, and extortion. The allegations in the indictment go

>   beyond simply a mere allegation of a group of people who get
>   together to commit a pattern of racketeering. Therefore, the
>   indictment sufficiently alleged a RICO enterprise.

*Torres* at 806.

10. Aside from having the purpose to commit various criminal acts, and, as alleged in this indictment, the "Hells Angels Motorcycle Club...was an international organization." (R.1, ¶2a) The indictment identifies the various chapters, their locations, and that "[t]he chapter officers were elected, and chapter members were identified by the apparel ("colors") and emblems ("patches") they wore. (R.1, ¶¶2b - 2g) The indictment further states:

>   The Chicago, Rockford, and Illinois Nomad (Spring Valley)
>   Chapters of the Hells Angels, including its leadership, membership
>   and associates, constituted an "enterprise" ad defined by Title 18,
>   United States Code, Section 1961(4) (hereinafter "the enterprise"),
>   that is, a group of individuals associated in fact. The enterprise
>   constituted an ongoing organization whose member functioned as
>   a continuing unit for a common purpose of achieving the
>   objectives of the enterprise. This enterprise was engaged in, and
>   its activities affected, interstate and foreign commerce.

(R.1, ¶3).

11. In this indictment the purpose of the enterprise, separate and apart from the commission of crimes, was sufficiently established. The continuity of structure and personnel, differentiation of the roles within the structure, a common or shared purpose, and an existence beyond that inherent in the conduct of a pattern of racketeering have been adequately alleged.

5

## **CONCLUSION**

WHEREFORE, for the reasons stated above, the government requests that this Honorable Court deny defendant Ohlendorf's motion to dismiss the RICO counts in the indictment.

Respectfully submitted,

UNITED STATES OF AMERICA

JAN PAUL MILLER
UNITED STATES ATTORNEY


s/K. Tate Chambers
K. Tate Chambers
Assistant United States Attorney
One Technology Plaza
211 Fulton, Suite 400
Peoria, Illinois 61602
Telephone: (309) 671-7050

CERTIFICATE OF SERVICE

It is hereby certified that I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANT OHLENDORF'S MOTION TO DISMISS THE RICO COUNTS IN THE INDICTMENT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties listed below.

> Daniel G. O'Day
> Attorney at Law
> 415 Hamilton Blvd.
> Peoria, IL 61602-1102
>
> Mark A. Eisenburg
> Attorney at Law
> 308 E. Washington Ave.
> P.O. Box 1069
> Madison, WI 53701-1069
>
> George F. Taseff
> Assistant Federal Defender
> 401 Main Street, Suite 1500
> Peoria, Illinois 61602
>
> Rob Alvarado
> Assistant Federal Defender
> 401 Main Street, Suite 1500
> Peoria, Illinois 61602
>
> Peter J. Wilkes
> Attorney at Law
> 7060 Centennial Dr., Suite 104
> Tinley Park, IL 60477

Service of the foregoing has also been made on the parties listed below by depositing a copy thereof in the United States mail, postage prepaid, addressed to:

> Steven C. Rueckert
> Attorney at Law
> 53 W. Jackson Blvd., Suite 1410
> Chicago, IL 60604

| | |
|---|---|
| <u>March 11, 2005</u> | <u>s/Diane Hayes</u> |
| Date | Diane Hayes |
| | Paralegal Specialist |