IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

    Plaintiff,

vs.

**DAVID G. OHLENDORF, et al.,**   Case No. 04-10084

    Defendants.   <u>HEARING REQUESTED</u>

**DEFENDANT OHLENDORF'S REPLY BRIEF IN SUPPORT OF REQUEST
FOR IMMEDIATE PRODUCTION OF JENCKS ACT MATERIAL**

Defendant Ohlendorf filed motions for Jencks Act 30 days before trial. However, defendant believes that the government is required to turn it over to him immediately because Fed. R. Crim. P. 26.2 and Rule 46(j) require the government to do so.

Federal Rule 26.2 applies to detention hearings. (See Rule 46(j) of the Federal Rules of Criminal Procedure.) During Sergeant Fritz's testimony, defendants argued that Rule 26.2 applied and that the government was required to turn over to the defense witness statements to which Sergeant Fritz was referring when he testified at the detention hearing. (Transcript pp. 62-68) Defendants argued that Rule 26.2 applied because Sergeant Fritz was using a witness statement which he had adopted as the truth. (Transcript pp. 64, 65)

The Court, however, did not believe that the rule applied. It indicated that the statement had to be from a witness who was actually testifying, not from someone who was telling the Court what was in the statement. (Transcript p. 65) After the Court's ruling, defense counsel argued that Rule 26.2(a) applied. He argued that the government attorney must provide to the defendant and/or his attorney any statement of the witness that is in the witness' or the government's possession and that relates to the subject matter of the witness' testimony. (Transcript

p. 66) The Court held that provision did not apply, as well, because the witness who was testifying was not the person who had made the witness statement. Defense counsel went on further and argued that if Sergeant Fritz had testified in front of the grand jury, the defendants were entitled to his grand jury testimony at that time. (See *Fed. R. Crim. P.* 26.2(f)(3).) The Court also disagreed. (Transcript p. 57) Many courts have held that Mr. Ohlendorf's position is the correct one.

> In *United States v. Daniels*, 174 F.Supp.2d 1205 (D. Kan. 2001), the court stated:
>
> > Government notes or reports of a witness interview must be produced if (1) the witness reads them in their entirety or has them read back to him and (2) the witness formally and unambiguously approves them either orally or in writing as accurate. Citing *United States v. Smith*, 31 F.3d 1294, 1301 (4th Cir. 1994).

In *Daniels*, *supra*, the court also stated:

> Interview notes can be statements under the Jencks Act if they are substantially verbatim. Citing *United States v. Smith*, 984 F.2d 1084, 1086 (10th Cir.), cert. denied, 510 U.S. 873, 114 S.Ct. 204, 126 L.Ed.2d 161 (1993).

> In *United States v. Allen*, 798 F.2d 985 (7th Cir. 1986), the court discussed the Jencks

Act. It held:

> The Jencks Act provides that in a criminal prosecution brought by the United States, after a witness called by the federal prosecutor has testified on direct examination, the District Court, on motion of the defendant, shall order the United States to produce any "statement or report" as defined by the Act in the possession of the United States that relates to the subject matter as to which the witness has testified.

Citing *Goldberg v. United States*, 425 U.S. 94, 97, 96 S.Ct. 1338, 1341, 47 L.Ed.2d 603 (1976).

*Id*. at 992, 993. The court continued:

> If the entire contents of the statement or report relate to the testimony of the witness, then it is delivered directly to the defendant. If the government claims that any part of the statement or report contains matter that does not relate to the testimony, then the government must deliver it to the District Court for an in camera inspection. The District Court then must excise the portions of the statement or report that do not relate to the testimony of the witness, and if the defendant objects, the District Court must order the United States to preserve the entire text of the statement or report for appeal.

*Id*. Finally, the court indicated that a Jencks Act statement:

> Clearly was intended by Congress to describe material that could reliably and fairly be used to impeach the testimony of a witness.

Citing *Goldberg, supra*, at 994.

In the present case, Sergeant Fritz indicated that his summary, Government's Exhibit 2, was prepared solely through his observation of discovery materials. (Transcript p. 92) He indicated that it was accurate. *Id*. at 92. Defense counsel pointed out, however, that there was an inaccuracy in the exhibit. On the last page of Government's Exhibit 2, Sergeant Fritz indicated that James R. White, not co-defendant James L. White, beat a man in Madison, Wisconsin, on February 8, 2004, with a baseball bat. (Government Exhibit 2, Detention Hearing, p. 3) Mr. Ohlendorf's counsel actually represented James R. White in that matter. He informed the Court that James R. White did not use a baseball bat, but instead had used his fists. (Transcript pp. 92-94) The purpose of this questioning was to show that the summary prepared by Sergeant Fritz after he had reviewed discovery materials or talked with other agents was inaccurate. If one part of the exhibit was inaccurate, how could the rest of the exhibit be accepted as the complete truth.

Defendants argued that they needed the discovery materials which Sergeant Fritz had reviewed to see if there were other inaccuracies contained in Government's Exhibit 2. The Court refused to order the government to turn over those documents to the defense. In *United States v. Steurer*, 942 F.Supp. 1183 (N.D. Ill. 1996), the court indicated:

> While a federal agent's written impression of what a witness said, his strategy or his conclusions from what the witness said are not statements of the witness, they might be statements of the agent if the agent is a witness and testifies about the subject matter of that report.

Citing *Allen*, *supra*, at 994.

Sergeant Fritz testified that his testimony was based on statements that he had read and statements that he had prepared. (Transcript p. 59) In *United States v. Del Toro Soto*, 676 F.2d

3

13 (1st Cir 1982), Postal Inspector Cardona was a government agent in charge of a case. He testified in detail about his investigation, including interviews he had conducted with two indicted co-defendants. Defense counsel requested the opportunity to examine the investigation report. The court ruled without any examination of the report and determined that it was not 3500 material. The First Circuit indicated that there was little doubt that Cardona's investigation report is a statement within the plain meaning of the words of the statute. A memorandum by a government agent witness prepared after an interview with a witness without the benefit of interview notes came within the statute and should have been produced. Citing *United States v. Cleveland*, 477 F.2d 310, 316 (7th Cir. 1973), the court ruled that the term "statement" in Subsection E(1) of the Act includes the report of a government agent who testified as a prosecution witness.

> Here the witness had testified at length about the investigation he conducted of the robbery. He had already submitted a report covering in part at least the subject matter of his testimony. If there was a conflict between the report and his testimony, it was impeachment ammunition for the defense. We think Justice Stevens' concurrence in *Goldberg* is instructive. He points out that the statutory definition of the term statement was intended by Congress to describe material that could be fairly used to impeach the testimony of a witness.

*Id*. at 16. Citing *United States v. Goldberg*, 425 U.S. 94 at 112. The court went on.

> In determining whether the report is producible, the key question is whether the information contained in the statements relates generally to the events and activities testified to by the witness. Quoting *United States v. Ferreira*, 625 F.2d 1030, 1034 (1st Cir. 1980), quoting *United States v. O'Brien*, 444 F.2d 1082, 1086 (7th Cir. 1971).

The rule of *Del Toro Soto* was followed in *United States v. Duncan*, 712 F.Supp. 124 (S.D. Ohio 1988). There the court held:

> (W)here material in the report or file compiled by a government agent or officer is so related to the subject matter of his testimony that the material is clearly relevant to his credibility and could be fairly used to impeach him should there be a conflict, that material may be producible as a statement of the agent under the Jencks Act and correspondingly under *Fed. R. Crim. P.* 26.2. Furthermore,

>insofar as he testifies to statements made by a third party and in his file a report, he has included notes or other recordation of the third-party statements to which he testifies, those notes or other recordation may be producible as statements of the agent under the Jencks Act consistent with the Sixth Circuit's holding that a witness' statement of a defendant's confession to a witness was a statement of a witness under the Jencks Act.

*Id*. at 128.

WHEREFORE, defendant is entitled to the Jencks Act material from Sergeant Fritz forthwith.

Dated this 17th day of March, 2005.

>EISENBERG LAW OFFICES, S.C.
>
>/s/ Mark A. Eisenberg
>Mark A. Eisenberg
>Illinois State Bar Number: 06184263
>Wisconsin State Bar Number: 01013078
>308 E. Washington Avenue
>P. O. Box 1069
>Madison, WI 53701-1069
>Telephone: (608) 256-8356
>Fax: (608) 256-2875
>E-mail: mark@eisenberglaw.org
>Attorneys for Defendant David G. Ohlendorf

CERTIFICATE OF SERVICE

    I hereby certify that on March 17, 2005, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Atty. Robert Andre Alvarado | Robert_Alvarado@fd.org, roblaw@ivnet.com; mary_kedzior@fd.org; fontessa_sledge@fd.org |
| AUSA K. Tate Chambers | kimberly.ritthaler@usdoj.gov; diane.hayes@usdoj.gov; margo.l.scamp@usdoj.gov |
| Atty. Daniel G. O'Day | doday@cfgolaw.com, lguyon@cfgolaw.com |
| Atty. Steven C. Rueckert | stvrueck@aol.com |
| Atty. George F. Taseff | George_Taseff@fd.org, gtaseff@mtco.com; Mary_Kedzior@fd.org |
| Atty. Peter J. Wilkes | peterjwilkespc@hotmail.com |

EISENBERG LAW OFFICES, S.C.

/s/ Mark A. Eisenberg
Mark A. Eisenberg
Illinois State Bar Number: 06184263
Wisconsin State Bar Number: 01013078
308 E. Washington Avenue
P. O. Box 1069
Madison, WI 53701-1069
Telephone: (608) 256-8356
Fax: (608) 256-2875
E-mail: mark@eisenberglaw.org
Attorneys for Defendant David G. Ohlendorf