UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Criminal No. 04-10084-04 |
| | ) | |
| **MELVIN J. CHANCEY ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT WHITE'S REPLY BRIEFS AND
SUPPLEMENTAL MEMORANDUM OF LAW**

Now comes the United States of America by Jan Paul Miller, United States Attorney, and K. Tate Chambers, Supervisory Assistant United States Attorney, for the Central District of Illinois, and in response to the reply briefs of defendant White, (R.102, 103, 104, 105, 106) and provides the following supplemental memorandum of law:

**FACTS**

1.   On February 14, 2005 White filed motions to strike racketeering acts 9, 12, and 3. (R.31, 32, 33) On February 15, 2005 the defendant filed his Amended Motion to Dismiss and Strike Racketeering Acts 1A, 1B, 2A, 5A, 6A, 6B, 10A, 10B, 11A, and 11B. (R.35) On February 18, 2005 White filed his motion to dismiss and strike racketeering acts 10B and 11B, and 10A and 10B. (R.71)

2.   On March 11, 2005 the government filed its combined response (R.98) to defendant White's motions to dismiss and strike racketeering acts.  (R.31, 32, 33, 35, 71)

3.   On March 15, 2005 defendant White filed his reply brief in support of his Motion

to Dismiss and Strike Racketeering Act 3. (R.106)  In addition, White filed his reply briefs in support of his Motion to Strike Racketeering Act 9 (R.105), Motion to Strike Racketeering Act 12 (R.103), Amended Motion to Dismiss and Strike Racketeering Acts 1A, 1B, 2A, 5A, 6A, 6B, 10A, 10B, 11A, and 11B (R.104), and Motion to Dismiss and Strike Racketeering Acts 10B and 11B, and 10A and 11A (R.102)

### R.31 and R.105

4.  In his motion and reply, the defendant argues that Racketeering Act 9 is "legally insufficient, because an insufficient federal nexus is alleged."  White complains that the law enforcement officials with whom  "R.R." was cooperating, as alleged in R.A.9, are not identified as federal officers.

5.  In *United States v. De Stefano*, 476 F.2d 324 (7th Cir. 1973) the defendant challenged the sufficiency of the indictment alleging a violation of 18 U.S.C. § 1503, influencing or injuring an officer or juror.  He claimed that the indictment failed to charge that the defendant a) knew that the person he threatened was a witness and b) had knowledge or notice that the witness was to testify in a federal proceeding.  *Id*. at 328.  The Seventh Circuit Court of Appeals found that the indictment was sufficient:

> The Supreme Court has clearly stated that the "old common law rules of criminal pleading" have yielded to the modern practice of disregarding formal defects in indictments. *(citations omitted )* Instead, the important function of a present-day indictment is to apprise the defendant of the nature of the offense with which he is charged, and to make an adequate record so that the defendant can plead any conviction or acquittal resulting from the indictment as a bar to future prosecutions. In accord with this contemporary view of pleading, decisions dealing with 18 U.S.C. § 1503 have held that an indictment worded merely in the language of that statute is sufficient, even though the indictment contains no express allegations that the defendant knew that the person he threatened

2

was a potential witness in a pending criminal proceeding.

*De Stefano* at 328.

6. Section 1512(f) expressly does not require that the government prove a defendant's "state of mind" with respect to the federal character of the law enforcement officers. *United States v. Diaz*, 176 F.3d 52, 90-91 (2d Cir. 1999). Rather, what the statute mandates is proof that the officers with whom the defendant believed the victim might communicate would in fact, be federal officers. *United States v. Causey*, 185 F.3d 407, 422 (5th Cir. 1999).

7. The indictment here is sufficient.

### R.32 and R.103

8. Defendant White argues that Racketeering Act 12 should be stricken because "the drug conspiracy is alleged to have commenced before the alleged RICO violation commenced." The government will prove that numerous overt acts of the drug conspiracy occurred during the period of the RICO.

### R.33 and R.106

9. The defendant argues that "Racketeering Act 3 should be stricken because it bears no relation to the conduct of the affairs of an enterprise as alleged, nor does it relate at all to anyone's alleged management or control of an alleged enterprise."

10. In order to have been engaged in a "pattern of racketeering activity," the government must prove that (1) the defendant committed at least two predicate acts of racketeering within ten years of one another; (2) that these racketeering predicates are interrelated; and (3) that they reveal continued, or the threat of continued, racketeering activity, *United States v. Diaz*, 176 F.3d 52, 93 (2d Cir. 1999); *citing H.J. Inc. v. Northwestern Bell Tel.*

*Co.*, 492 U.S. 229, 236-39 (1989). The requirements of relatedness and continuity prevent the application of RICO to isolated or sporadic criminal acts. *Diaz* at 93. Relatedness may be established by showing that the predicate acts have " 'the same or similar purposes, results, participants, victims, or methods of commission.' " *H.J., Inc.*, 492 U.S. at 240, (quoting 18 U.S.C. § 3575(e) (1988)). The continuity prong of a RICO pattern "is both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition." *Id*. at 241.

11. Relatedness is a question for the jury to decide. The Seventh Circuit Federal Jury Instructions contain the following instruction concerning relatedness and continuity:

> Pattern Requirement - Substantive Racketeering
>
> In order to find a "pattern of racketeering activity" for purposes of Count ___, you must find beyond a reasonable doubt that the defendant committed [or caused another person to commit] at least two racketeering acts described in Count ___, and that those acts were in some way related to each other and that there was continuity between them[, and that they were separate acts]. Although a pattern of racketeering activity must consist of two or more acts, deciding that two such acts were committed, by itself, may not be enough for you to find that a pattern exists.
>
> Acts are related to each other if they are not isolated events, that is, if they have similar purposes, or results, or participants, or victims, or are committed a similar way[, or have other similar distinguishing characteristics] [or are part of the affairs of the same enterprise].
>
> There is continuity between acts if, for example, they are ongoing over a substantial period, or if they are part of the regular way some entity does business or conducts its affairs.
>
> The government need not prove that all the acts described in Count ___ were committed, but you must unanimously agree as to which two or mare racketeering acts the defendant committed [or caused to be committed] in order to find the defendant guilty of that count.

4

Seventh Circuit Federal Jury Instructions 18 U.S.C. § 1962(c).

12.     The charge sufficiently alleges that defendant Chancey's offense was related to the affairs of the Hells Angels, i.e., he did obstruct and delay commerce by obtaining property of the Skybox Lounge for the reason that "unless Hells Angels were permitted to enter the lounge without paying a cover charge, the Hells Angels would bomb the lounge..."  Therefore, the indictment clearly alleges the essential elements of the offense, and the nexus of the act to the enterprise.

13.     Defendant White also argues that the effect of Racketeering Act 3 on interstate commerce is too remote and it therefore, is an insufficient allegation of a violation of the Hobbs Act.

14.     The Seventh Circuit Court of Appeals has ruled definitively that the Hobbs Act only requires that the government show a *de minimis* effect on interstate commerce to "bring robbery within its prosecutorial reach." *United States v. Sutton*, 337 F.3d 792, 796 (7th Cir. 2003). The government need only show some actual, even if *de minimis*, effect, or, where there is no actual effect, a realistic probability of an effect, on interstate commerce to bring robbery within its prosecutorial reach.  *United States v. Peterson*, 236 F.3d 848, 852 (7th Cir. 2001).

15.     Racketeering Act 3 adequately alleges relatedness and an effect on interstate commerce and should not be dismissed or stricken.

### R.35 and R.104

16.     White complains that Racketeering Acts 1A, 1B, 2A, 5A, 6A, 10A, 10B, 11A, and 11B are not sufficiently pled because they do not plead the requisite intent and do not contain an allegation of "without lawful justification".

17.     The federal grand jury returned a superseding indictment on March 16, 2005. (R.___) The superseding indictment contains those allegations.

**R.71 and R.102**

18.     Defendant White concedes that Racketeering Acts 10A and 11A should not be stricken on the grounds of unconstitutionality under state law.  However, the defendant maintains that Racketeering Acts 10B and 11B should be stricken because *People v. Morgan* found the attempted murder statute unconstitutional.

19.     On January 1, 2000 the sentencing provisions of the attempt statute, 720 ILCS 5/8-4, was amended by Public Act 91-404.  On January 24, 2003 the Illinois Supreme Court in *Morgan* ruled that the sentencing amendment was in violation of the constitution.  Of the six attempt murder racketeering acts alleged in the indictment, four of them, 1B, 2A, 5B and 6B, occurred prior to the amendment of the sentencing provisions in 2000.  Two of the attempt murder racketeering acts, 10B and 11B, occurred between the amendment of the sentencing provisions and the Illinois Supreme Court's finding in 2003 that they were unconstitutional. Those two acts, however, are not rendered invalid by the Court's ruling.

20.     "State procedural and evidentiary rules are not incorporated into the RICO statute,[1] and the applicable state law is that which was in force at the time the state offense was

---

[1] *See United States v. Kaplan*, 886 F.2d 536, 541 (2d Cir. 1989), *cert. denied*, 493 U.S. 1076 (1990); *United States v. Muskovsky*, 863 F.2d 1319 (7th Cir. 1988), *cert. denied*, 489 U.S. 1067 (1989); *United States v. Friedman*, 854 F.2d 535 (2d Cir. 1988), *cert. denied*, 490 U.S. 1004 (1989); *United States v. Erwin*, 793 F.2d 656 (5th Cir. 1986); *United States v. Anderson*, 782 F.2d 908 (11th Cir. 1986); *United States v. Paone*, 782 F.2d 386 (2d Cir. 1986), *cert. denied*, 483 U.S. 1019 (1987); *United States v. Watchmaker*, 761 F.2d 1459 (11th Cir. 1985), *cert. denied*, 474 U.S. 1100 (1986); *United States v. Wei*, 862 F.Supp. 1129 (S.D.N.Y. 1994).

committed.[2]

21.    What the Court in *Morgan* found invalid were the amended sentencing provisions of attempt murder. The attempt statute itself was not found unconstitutional. The attempt statute remains valid. As States Attorneys across Illinois have done since the ruling in *Morgan*, the invalidation of the sentencing amendment simply requires the government to apply the sentencing provisions in place prior to the invalid amendment. Attempt is still chargeable under state law. It remains a felony. The racketeering acts are not invalid.

---

[2] *See United States v. Chatham*, 677 F.2d 800 (11th Cir. 1982) (no error where RICO indictment cited superseded state statute, because actual statute was no more favorable to the defendant).

## CONCLUSION

WHEREFORE, for the reasons stated above, the government requests that this Honorable Court deny defendant White's motions to strike and dismiss the racketeering acts.

Respectfully submitted,

UNITED STATES OF AMERICA

JAN PAUL MILLER
UNITED STATES ATTORNEY


s/K. Tate Chambers
K. Tate Chambers
Assistant United States Attorney
One Technology Plaza
211 Fulton, Suite 400
Peoria, Illinois 61602
Telephone: (309) 671-7050

CERTIFICATE OF SERVICE

It is hereby certified that I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANT WHITE'S REPLY BRIEFS AND SUPPLEMENTAL MEMORANDUM OF LAW** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties listed below.

>Daniel G. O'Day
>Attorney at Law
>415 Hamilton Blvd.
>Peoria, IL 61602-1102
>
>Mark A. Eisenburg
>Attorney at Law
>308 E. Washington Ave.
>P.O. Box 1069
>Madison, WI 53701-1069
>
>George F. Taseff
>Assistant Federal Defender
>401 Main Street, Suite 1500
>Peoria, Illinois 61602
>
>Rob Alvarado
>Assistant Federal Defender
>401 Main Street, Suite 1500
>Peoria, Illinois 61602
>
>Peter J. Wilkes
>Attorney at Law
>7060 Centennial Dr., Suite 104
>Tinley Park, IL 60477

Service of the foregoing has also been made on the parties listed below by depositing a copy thereof in the United States mail, postage prepaid, addressed to:

>Steven C. Rueckert
>Attorney at Law
>53 W. Jackson Blvd., Suite 1410
>Chicago, IL 60604

<u>Mar. 18, 2005</u>          <u>s/Diane Hayes</u>
Date          Diane Hayes
         Paralegal Specialist