UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.   04-10084 |
| ) | |
| MELVIN CHANCEY, ET AL., ) | |
| ) | |
| Defendant. ) | |

### SUBMISSION OF LEGAL AUTHORITY

Now comes the United States of America, by and through its attorneys, Jan Paul Miller, United States Attorney, and K. Tate Chambers, Assistant United States Attorney for the Central District of Illinois, and in response to the Court's direction provides the following authority concerning the issue of whether, pursuant to Federal Rule of Criminal Procedure 16, the government has an obligation to provide undercover tape recordings made during the course of the investigation and which contain statements by the defendant.

1.  In *US. v. Walker*, 538 F.2d 266 (9th Cir. 1976), the court ruled that tape recordings of conversations between an accused and a government agent or informant are discoverable under Rule 16.  The court in *Walker* also cited to the

opinion in *United States v. Isa*, 413 F.2d 244 (7th Cir. 1969), where the Appellate Court sitting in the Seventh Circuit reversed a conviction for failure to turn over tapes, but did not directly address the issue before this Court. *See also* 111 A.L.R. Fed. 197, which lists cases where the recordings were found discoverable and cases where the recordings were found not to be discoverable by various courts.

    2. In *U.S. v. Taylor*, 707 F.Supp 696, 701 (S.D. NY, 1089), the court stated, *in dicta*, "tape recordings of a defendant which include statements of a government witness are not discoverable under Rule 16 but instead under the terms of 18 U.S.C. Section 3500".

    3. In the present case, the government has already made available numerous recordings of statements of various defendants in this case. The government has not yet made available recordings of conversations between various defendants and two confidential informants. The government is not arguing that these should not be turned over. We agree that they should. The government is requesting that the tapes be submitted on the schedule established by this Court for disclosure of material which will identify a cooperating informant.

In sum, the government is not objecting to providing the tape recordings. We are asking that they be disclosed on the schedule set for release of material which indentifies a cooperating informant.

        Respectfully submitted,

        UNITED STATES OF AMERICA

        JAN PAUL MILLER
        UNITED STATES ATTORNEY

        s/: K. Tate Chambers
        K. Tate Chambers
        Assistant United States Attorney
        One Technology Plaza - Suite 400
        211 Fulton Street
        Peoria, Illinois 61602
        Telephone: (309) 671-7050

## CERTIFICATE OF SERVICE

It is hereby certified that I electronically filed the foregoing **SUBMISSION OF LEGAL AUTHORITY** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties listed below.

> Daniel G. O'Day
> Attorney at Law
> 415 Hamilton Blvd.
> Peoria, IL 61602-1102
>
> Mark A. Eisenburg
> Attorney at Law
> 308 E. Washington Ave.
> P.O. Box 1069
> Madison, WI 53701-1069
>
> George F. Taseff
> Assistant Federal Defender
> 401 Main Street, Suite 1500
> Peoria, Illinois 61602
>
> Rob Alvarado
> Assistant Federal Defender
> 401 Main Street, Suite 1500
> Peoria, Illinois 61602
>
> Peter J. Wilkes
> Attorney at Law
> 7060 Centennial Dr., Suite 104
> Tinley Park, IL 60477

Service of the foregoing has also been made on the parties listed below by depositing a copy thereof in the United States mail, postage prepaid, addressed to:

> Steven C. Rueckert
> Attorney at Law
> 53 W. Jackson Blvd., Suite 1410
> Chicago, IL 60604

April 1, 2005                                  s/Kim Ritthaler
Date                                           Kim Ritthaler
                                               Legal Assistant