# EISENBERG LAW OFFICES, S.C.
## ATTORNEYS AT LAW

September 8, 2005

Honorable Michael M. Mihm
Judge, U.S. District Court
Central District of Illinois
100 NE Monroe Street
Peoria, IL  61602-1003

        RE:    United States v. David G. Ohlendorf, et al.
                  Case No. 04-10084

Dear Judge Mihm:

      At the hearing on September 1, 2005, I informed you that I thought due process required disclosure of certain materials prior to trial, even though the Jenck's Act clearly indicates that witnesses' statements do not need to be turned over until after that witness testifies in court. A problem occurs when Brady and Giglio material are included within Jenck's Act material.  As long as disclosure is made before it is too late for the defendants to make any use of the benefits of the evidence, due process is satisfied.  United States v. Ziperstein, 601 F.2d 281 (7th Cir. 1979), citing United States v. McPartlin, 595 F.2d 1321 (7th Cir. 1979).

      Other jurisdictions have reached the same result.  United States v. Beckford, 962 F.Supp 780, 789 (E.D. Va. 1997) (there is undoubtedly a tension between Brady and the Jenck's Act with respect to the timing of production because:  It is conceivable that disclosure of material covered by the Jenck's Act may be required, under Brady and the Due Process Clause, to be made to the defendant before trial in order that the defendant may prepare and present an effective defense.  Citing United States v. Ruiz, 702 F.Supp. 1066, 1069 (S.D.N.Y. 1989), affirmed 849 F.2d 501 (2nd Cir. 1990); United States v. Owens, 933 F.Supp. 76 (D.Mass. 1996) (exculpatory material is required to be disclosed under Brady notwithstanding that it is subject to timing restrictions imposed under the Jenck's Act, and exculpatory evidence is not limited to material tending to show that the defendant is innocent, but extends to material appropriate for cross-examination of government witnesses); United States v. Shifflett, 798 F.Supp. 354 (W.D. Va. 1992) (exculpatory portions of grand jury testimony of government agents that could potentially require investigation by defense had to be disclosed promptly upon demand).

Honorable Michael M. Mihm
Page Two
September 8, 2005

       We are sending this material to you because we said we would, but it is a moot issue now since the government is willing to turn over every document within the next two weeks. I do believe, however, there are due process issues when <u>Brady</u> material is incorporated in Jenck's Act material.

       Very truly yours,

       EISENBERG LAW OFFICES, S.C.

       /s/ Mark A. Eisenberg

       Mark A. Eisenberg
       Illinois State Bar Number: 06184263
       Wisconsin State Bar Number: 01013078
       308 E. Washington Avenue
       P. O. Box 1069
       Madison, WI 53701-1069
       Telephone: (608) 256-8356
       Fax: (608) 256-2875
       E-mail: mark@eisenberglaw.org
       Attorneys for Defendant David G. Ohlendorf

MAE/lmd

cc:    AUSA K. Tate Chambers
       Atty. Robert A. Alvarado
       Atty. Christopher S. McCall
       Atty. Daniel G. O'Day
       Atty. Steven C. Rueckert
       Atty. George F. Taseff
       Atty. Peter J. Wilkes
       David G. Ohlendorf