IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal No. 04-10084 |
| ) | |
| JAMES L. WHITE, a/k/a J.W., ) | |
| DAVID G. OHLENDORF, a/k/a ) | |
| PULLEY, and ) | |
| RICHARD A. ABRAMS, ) | |
| ) | |
| Defendants. ) | |

**GOVERNMENT'S RESPONSE TO
DEFENDANT WHITE'S MOTION AND SUPPLEMENTAL MOTION
TO STRIKE PORTIONS OF RA#3
(#153 AND #157)**

The United States of America, by Rodger A. Heaton, United States Attorney for the Central District of Illinois, and K. Tate Chambers and Darilynn J. Knauss, Assistant United States Attorneys, hereby responds to the defendant White's Motion to Strike Racketeering Acts of "Robbery" as follows:

1. Defendant alleges that references to the robbery of a Harley Davison motorcycle should be stricken. In support thereof, the defendant contends that the Illinois robbery statute, 720 ILCS 5/18-1, specifically exempts motor vehicles.

2. The Illinois robbery statute reads:

> (a) A person commits robbery when he or she takes property, except a motor vehicle <u>covered by Section 18-3 or 18-4</u> (emphasis added), from the person or presence of another by the use of force or by threatening the imminent use of force.

720 ILCS 5/18-1(a)

3. The statutes referenced, 18-3 and 18-4[1] are, respectively, the vehicular hijacking and aggravated vehicular hijacking statutes. While virtually identical in wording, 18-3 contains an element missing in 18-1:

> (a) A person commits vehicular hijacking when he or she takes a motor vehicle from the person or the <u>immediate</u> presence of another by the use of force or by threatening the imminent use of force.

720 ILCS 5/18-3(a)

4. Notably, the robbery statute does not exempt motor vehicles. It exempts motor vehicles not covered by the vehicular hijacking statutes.

5. The defendant's motion is premature. Whether the correct statute has been charged is determined by the evidence. If the motorcycle was not in the <u>immediate</u> presence of the victim, the criminal conduct would not be covered by 18-3, but would be violative of 18-1.

> '[I]mmediate presence,' as the term applies to vehicular highjacking, means that the vehicle is within the immediate control of the alleged victim at the time of the occurrence. Here, as in *Cooksey,* the victim's keys were taken by force or threat of force when the victim's vehicle was located some distance from the occurrence. While such conduct may constitute robbery or some other offense, it does not constitute the offense of vehicular hijacking.

*People v. McGee*, 326 Ill.App.3d 165, 170 (2001)

---

[1] The aggravated vehicular hijacking statute, 5/18-3 has as an element the predicate offense of 18-3.

WHEREFORE, the government requests that the Motion be denied.

>Respectfully submitted,
>
>RODGER A. HEATON
>UNITED STATES ATTORNEY
>
>
>s/ Darilynn J. Knauss
>Darilynn J. Knauss
>Assistant United States Attorney
>211 Fulton, Suite 400
>Peoria, IL
>Telephone: (309) 671-7050

CERTIFICATE OF SERVICE

It is hereby certified that on February 6, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties listed below.

>Daniel G. O'Day
>Attorney at Law
>415 Hamilton Blvd.
>Peoria, IL 61602-1102
>
>Mark A. Eisenburg
>Attorney at Law
>308 E. Washington Ave.
>P.O. Box 1069
>Madison, WI 53701-1069
>
>George F. Taseff
>Assistant Federal Defender
>401 Main Street, Suite 1500
>Peoria, Illinois 61602
>
>Rob Alvarado
>Assistant Federal Defender
>401 Main Street, Suite 1500
>Peoria, Illinois 61602

>>s/Kim Ritthaler
>>Legal Assistant