IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal No. 04-10084 |
| ) | |
| JAMES L. WHITE, a/k/a J.W., ) | |
| DAVID G. OHLENDORF, a/k/a ) | |
| PULLEY, and ) | |
| RICHARD A. ABRAMS, ) | |
| ) | |
| Defendants. ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT
WHITE'S MOTION TO DISMISS AND STRIKE
(#153)**

The United States of America, by Rodger A. Heaton, United States Attorney for the Central District of Illinois, and K. Tate Chambers and Darilynn J. Knauss, Assistant United States Attorneys, responds to the defendant White's Motions to Dismiss and Strike as follows:

Legal Framework

Although couched in terms of *legal* sufficiency, the defendant's arguments with respect to Count One and Count Two of the Second Superceding Indictment are really an attack on the government's *evidence*. The implicit and explicit thrust of the defendant's claims - that the government will not be able to prove matters it claims in the Indictment, is not cognizable in a motion to dismiss. *See, e.g., United States v. ASIC*, 884 F.2d 996, 1001 (7th Cir. 1989). (A motion to dismiss "is directed only to the validity of the indictment . . . and it tests only whether an offense has been sufficiently charged.")

As a general matter, Rule 12 of the Federal Rules of Criminal Procedure limits pretrial motions to those "capable of determination without the trial of the general issue." "A motion to dismiss is not intended to be a 'summary trial of the evidence.'" *ASIC*, 884 F.2d at 1001 (citation omitted). A defendant is not entitled to any relief based on the supposed insufficiency of the government's evidence or other facts found outside the indictment itself. *United States v. Bucky*, 691 F.Supp. 1077, 1084 (N.D. Ill 1988) (motion to dismiss is addressed to facial validity of indictment; it is not a vehicle for summary trial of the evidence, and questions of fact may not be decided). "For purposes of evaluating a motion to dismiss an indictment, all well-pleaded allegations are taken as true." *United States v. Eichmann*, 756 F.Supp. 143, 145 (S.D.N.Y. 1991). If an indictment sets forth the elements of the crime with which a person is charged in sufficient detail and does not present double jeopardy problems, it is immune to attack by a motion to dismiss. *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Sampson*, 371 U.S. 75, 78-79 (1962).

Here, the Second Superceding Indictment sets forth the elements of the crime with which the defendants are charged in sufficient detail to apprise them of what charges they must defend against.

Defendant White argues that the allegation of a conspiracy to commit murder from in or about year 1993 through in or about 2002 should be stricken because it alleges different venues but does not allege violations of state law other than Illinois state law, and does not identify by name the specific individuals the object of the conspiracy.

Similarly, defendant White argues that Racketeering Act Four "fails sufficiently to allege the element of a 'substantial step'" required for the offense of attempt (here, murder) in the State of Illinois. (Def.Mot., 9. 17)

Contrary to the defendant's allegations, there is no requirement that the government must recite all the elements of the state law offenses constituting a racketeering act. *United States v. Carillo*, 229 F.3d 177, 182-183 (2d Cir. 2000) (explaining that the language "chargeable under State law" means that such criminal conduct be chargeable as a general matter, *i.e.*, that such conduct is criminal under state law. ) However, the court in *Carillo* did indicate that the government must prove all of the elements of the state statute satisfied before the jury can find that the predicate offense has been committed. [1]

As set forth under the Legal Framework section in this response, the defendant's arguments are directed to the sufficiency of the evidence. Here, the Superseding Indictment sufficiently apprises the defendants of the charges against them by alleging the elements of the state law crime of conspiracy to murder, including alleging that overt acts occurred in furtherance of that agreement. The government is not required at this initial stage of the proceedings to allege any more specificity, and represents that it will instruct the jury after the conclusion of presentation of evidence that it must have proven all

---

[1] *See also United States v. Pungitore*, 910 F.2d 1084, 1135 (3d Cir.1990) (conspiracy to murder and attempted murder in violation of state law proper in RICO predicates), *United States v. Manzella,* 782 F.2d 533 (5th Cir.) (conspiracy to commit state law arson is a proper RICO predicate), *United States v. Ruggiero*, 726 F.2d 913, 919 (2d Cir.) (conspiracy to murder in violation of state law is an "act or threat involving murder" under 18 U.S.C. §1961(1)(A)), *cert. denied*, 469 U.S. 831 (1984); *United States v. Licavoli*, 725 F.2d 1040, 1045 (6th Cir.) (same), *cert. denied*, 467 U.S. 1252 (1984); *United States v. Welch*, 656 F.2d 1039, 1063 n.32 (5th Cir. 1981) (same).

of the elements of the state statute satisfied before the jury can find that the predicate offenses have been committed.

        Respectfully submitted,

        RODGER A. HEATON
        UNITED STATES ATTORNEY

        s/ Darilynn J. Knauss
        Darilynn J. Knauss
        Assistant United States Attorney
        211 Fulton, Suite 400
        Peoria, IL
        Telephone: (309) 671-7050

CERTIFICATE OF SERVICE

It is hereby certified that on February 6, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties listed below.

>Daniel G. O'Day
>Attorney at Law
>415 Hamilton Blvd.
>Peoria, IL 61602-1102
>
>Mark A. Eisenburg
>Attorney at Law
>308 E. Washington Ave.
>P.O. Box 1069
>Madison, WI 53701-1069
>
>George F. Taseff
>Assistant Federal Defender
>401 Main Street, Suite 1500
>Peoria, Illinois 61602
>
>Rob Alvarado
>Assistant Federal Defender
>401 Main Street, Suite 1500
>Peoria, Illinois 61602

>>s/Kim Ritthaler
>>Legal Assistant