IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal No. 04-10084 |
| ) | |
| JAMES L. WHITE, a/k/a J.W., ) | |
| DAVID G. OHLENDORF, a/k/a ) | |
| PULLEY, and ) | |
| RICHARD A. ABRAMS, ) | |
| ) | |
| Defendants. ) | |

**GOVERNMENT'S RESPONSE TO
DEFENDANT WHITE'S MOTION TO DISMISS AND STRIKE
"NARCOTICS DISTRIBUTION CONSPIRACY"
(#152)**

The United States of America, by Rodger A. Heaton, United States Attorney for the Central District of Illinois, and K. Tate Chambers and Darilynn J. Knauss, Assistant United States Attorneys, responds to defendant White's Motion to Dismiss and Strike as follows:

Racketeering Act Twelve and Count Two

Defendant White raises an argument which has been refuted by every circuit which has considered the issue. Defendant White asserts wrongly that under *United States v. Warneke*, 310 F.3d 542, 547 (7th Cir. 2002), a federal narcotics conspiracy in violation of 21 U.S.C. §846 cannot serve as a RICO predicate act. Defendant White reaches that inaccurate conclusion based upon a complete misreading of *Warneke*, which in fact states that a drug conspiracy under federal law is a proper predicate. *Id.*, at 546-547 (distinguishing between a drug

conspiracy charge in RICO and drug conspiracy as a predicate offense for purposes of the Continuing Criminal Enterprise statute, 21 U.S.C. §848).

Numerous courts have also held that conspiracies (and attempts) of the offenses described in section 1961(1)(D)[1] are proper RICO predicates. *See United States v. Darden*, 70 F.3d 1507, 1524-25 (8th Cir. 1995) (conspiracy to possess, distribute, and possess with intent to distribute controlled substances constitutes a RICO predicate, but simple possession of cocaine is not a RICO predicate), *cert. denied*, 517 U.S. 1149 (1996); *United States v. Casamento*, 887 F.2d 1141, 1165-66 (2d Cir. 1989 (conspiracy to import and distribute narcotics are proper predicates)), *cert. denied*, 493 U.S. 1081 (1990); *United States v. Grayson*, 795 F.2d 278 (3rd Cir. 1986) (conspiracy to distribute methamphetamine is a proper predicate); *United States v. Phillips*, 664 F.2d 971, 1015 (5th Cir. 1981) (conspiracy to import marijuana), *cert. denied*, 457 U.S. 1136 (1982). Therefore, neither RA Twelve nor the charging language in Count Two involving offenses described in Title 21 of the United States Code, Sections 841(a)(1)(A) and 846, should be stricken from the indictment.

Defendant White also alleges that the narcotics distribution and narcotics conspiracy is not pleaded correctly in Count Two because the charge alleges that the defendants committed "multiple acts" involving the distribution of narcotic controlled substances, including cocaine and methamphetamine, in violation of

---

[1] Section 1961(1)(D) provides that "any offense <u>involving</u> fraud connected with a case under title 11 . . . .or the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act). 21 U.S.C. § 841(a)(1) and § 846 are among the sections created as a result of the enactment of section102 of the Controlled Substances Act.

the laws of Title 21 of the United States Code, Sections 841(a)(1)(A) and 846, rather than using the word "offenses" described in Section 1961(1)(D). It is clear that the charge using the words "multiple acts" provides sufficient notice that the defendant is being charged with offenses described under Section 1961(1)(D), and the defendant's very brief so indicates he is aware of the charge against him. It is equally clear that allegations that the defendant violated Section 841(a)(1)(A), 841(b)(1)(A) and Section 846 constitute sufficient predicate acts. *See Darden, supra*, at 1524, finding that the indictment was sufficient and a predicate act was sufficiently alleged when the defendant was charged with violations of Section 841(a)(1) and 846, *i.e.,* conspiring to possess, distribute, and possess with the intent to distribute cocaine, heroin, marijuana, and pentazocine in violation of federal and state law); *Grayson, supra*, at 280 (affirming convictions under Section 1962(c) and (d) when the defendant was charged with possession with intent to distribute and conspiracy to distribute methamphetamine in violation of Section 841(a)(1) and Section 846).

It is also clear from the plain language of the section that "multiple acts involving the distribution . . ." would include the offenses listed in Section 1961(1)(D), which include "buying, selling, or otherwise dealing" in controlled substances. It is evident that "distributing" is a form of "dealing in a controlled substance." That term is commonly used by the courts in cases when describing the sale, distribution, or delivery of controlled substances. It is often used when describing money laundering in a drug case as a financial transaction involving property representing the proceeds of "dealing in a controlled substance." *See, United States v. Jackson*, 983 F.2d 757,766 (7th Cir. 1993).

In determining whether the essential elements of an offense are sufficiently stated in an indictment, it is not necessary that any particular words or phrases be used, nor is it necessary that the indictment track exact language of the statute as long as each element of the offense is alleged in a form which substantially states it. *United States v. Lowe*, 860 F.2d 1370, 1373 (7th Cir. 1988).

The racketeering activity is sufficiently alleged within the meaning of Section 1961 and the Motion to Dismiss and Strike should be denied.

Respectfully submitted,

RODGER A. HEATON
UNITED STATES ATTORNEY


s/ Darilynn J. Knauss
Darilynn J. Knauss
Assistant United States Attorney
211 Fulton, Suite 400
Peoria, IL
Telephone: (309) 671-7050

CERTIFICATE OF SERVICE

It is hereby certified that on February 6, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties listed below.

>Daniel G. O'Day
>Attorney at Law
>415 Hamilton Blvd.
>Peoria, IL 61602-1102
>
>Mark A. Eisenburg
>Attorney at Law
>308 E. Washington Ave.
>P.O. Box 1069
>Madison, WI 53701-1069
>
>George F. Taseff
>Assistant Federal Defender
>401 Main Street, Suite 1500
>Peoria, Illinois 61602
>
>Rob Alvarado
>Assistant Federal Defender
>401 Main Street, Suite 1500
>Peoria, Illinois 61602

>>s/Kim Ritthaler
>>Legal Assistant