E-FILED
Monday, 06 February, 2006 04:07:00 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal No. 04-10084 |
| ) | |
| JAMES L. WHITE, a/k/a J.W., ) | |
| DAVID G. OHLENDORF, a/k/a ) | |
| PULLEY, and ) | |
| RICHARD A. ABRAMS, ) | |
| ) | |
| Defendants. ) | |

**GOVERNMENT'S RESPONSE TO**
**DEFENDANT OHLENDORF'S MOTION TO STRIKE RA 5A, 5B and 11B**
**(#149 and 151)**

The United States of America, by Rodger A. Heaton, United States Attorney for the Central District of Illinois, and K. Tate Chambers and Darilynn J. Knauss, Assistant United States Attorneys, responds to the defendant Ohlendorf's Motion to Strike Racketeering Act 11B as follows:

Legal Framework

Although couched in terms of *legal* sufficiency, the defendant's arguments with respect to Count One and Count Two of the Second Superceding Indictment are really an attack on the government's *evidence*. The implicit and explicit thrust of the defendant's claims - that the government will not be able to prove matters it claims in the Indictment, is not cognizable in a motion to dismiss. *See, e.g., United States v. ASIC*, 884 F.2d 996, 1001 (7th Cir. 1989). (A motion to dismiss "is directed only to the validity of the indictment . . . and it tests only whether an offense has been sufficiently charged.")

As a general matter, Rule 12 of the Federal Rules of Criminal Procedure limits pretrial motions to those "capable of determination without the trial of the general issue." "A motion to dismiss is not intended to be a 'summary trial of the evidence.'" *ASIC*, 884 F.2d at 1001 (citation omitted). A defendant is not entitled to any relief based on the supposed insufficiency of the government's evidence or other facts found outside the indictment itself. *United States v. Bucky*, 691 F.Supp. 1077, 1084 (N.D. Ill 1988) (motion to dismiss is addressed to facial validity of indictment; it is not a vehicle for summary trial of the evidence, and questions of fact may not be decided). "For purposes of evaluating a motion to dismiss an indictment, all well-pleaded allegations are taken as true." *United States v. Eichmann*, 756 F.Supp. 143, 145 (S.D.N.Y. 1991). If an indictment sets forth the elements of the crime with which a person is charged in sufficient detail and does not present double jeopardy problems, it is immune to attack by a motion to dismiss. *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Sampson*, 371 U.S. 75, 78-79 (1962).

Here, the Second Superceding Indictment sets forth the elements of the crime with which the defendants are charged in sufficient detail to apprise them of what charges they must defend against.

<u>Racketeering Acts 5A and 5B</u>

Defendant Ohlendorf moves to strike Racketeering Acts 5A and 5B, alleging that the acts were not in furtherance of the enterprise. In support, he references the statements of co-defendant Melvin Chancey at the guilty plea hearing on January 12, 2006.

Defendant Ohlendorf does not contend that the racketeering acts are insufficiently charged. Instead, he seeks to strike these acts based on information outside the Indictment.

The offenses alleged in Racketeering Acts 5A and 5B are sufficiently charged and the Motion to Strike should be denied.

Racketeering Act 11B

Defendant Ohlendorf moves to strike Racketeering Act 11B of the Second Superceding Indictment, stating that simply planning and directing others to carry out the plans to locate and murder members of another motorcycle club cannot be considered a substantial step to sustain the charge of attempted murder.

In support, the defendant cites one Illinois Supreme Court case, *People v. Smith*, 148 Ill.2d 454 (1992) and one Illinois Appellate Court case, *People v. Hagan*, 199 Ill.App.3d 267 (1990). In *Smith*, the defendant, accused of attempted armed robbery, had armed himself and driven to the town where he intended to carry out the armed robbery, but had not yet located the store where he intended to carry out the armed robbery. The Court stated that, "whereas it is not necessary that a defendant complete the last proximate act in order to be convicted of attempt, mere preparation is not a substantial step." *Smith* at 459.

In *Hagan*, the defendant was accused of theft by deception. The Court stated that because the defendant never signed a lease for the rental of the property, which was the object of the charge, the substantial step necessary to complete the crime of attempt was never taken, and anything less "under the facts of this case" is mere preparation. *Hagan* at 285.

Notably, both cases cited by the defendant cite *People v. Terrell*, 99 IL.2d 427, 433 (1984) which states that each attempt case must be evaluated as to its own unique facts and circumstances to determine if a substantial step toward the specific offense was taken. Those unique facts and circumstances cannot be evaluated until the evidence is presented. The Motion to Strike should be denied.

        Respectfully submitted,

        RODGER A. HEATON
        UNITED STATES ATTORNEY


        s/ Darilynn J. Knauss
        Darilynn J. Knauss
        Assistant United States Attorney
        211 Fulton, Suite 400
        Peoria, IL
        Telephone: (309) 671-7050

CERTIFICATE OF SERVICE

It is hereby certified that on February 6, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties listed below.

>Daniel G. O'Day
>Attorney at Law
>415 Hamilton Blvd.
>Peoria, IL 61602-1102
>
>Mark A. Eisenburg
>Attorney at Law
>308 E. Washington Ave.
>P.O. Box 1069
>Madison, WI 53701-1069
>
>George F. Taseff
>Assistant Federal Defender
>401 Main Street, Suite 1500
>Peoria, Illinois 61602
>
>Rob Alvarado
>Assistant Federal Defender
>401 Main Street, Suite 1500
>Peoria, Illinois 61602

>>s/Kim Ritthaler
>>Legal Assistant