IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal No. 04-10084 |
| ) | |
| JAMES L. WHITE, a/k/a J.W., ) | |
| DAVID G. OHLENDORF, a/k/a ) | |
| PULLEY, and ) | |
| RICHARD A. ABRAMS, ) | |
| ) | |
| Defendants. ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT WHITE'S
MOTION TO STRIKE RACKETEERING ACTS 7A AND 7B**

The United States of America, by Rodger A. Heaton, United States Attorney for the Central District of Illinois, and K. Tate Chambers and Darilynn J. Knauss, Assistant United States Attorneys, and responds to the defendant White's Motion to Strike Racketeering Acts 7A and 7B as follows:

1. Racketeering Act 7A of the Second Superceding Indictment alleges a conspiracy to commit arson of another motorcycle club's clubhouse. Racketeering Act 7B alleges the attempt arson of the clubhouse of another motorcycle club.

2. Under Illinois law, arson is defined as:

A person commits arson when, by means of fire or explosive, he knowingly:

  (a) Damages any real property, or any personal property having a value of $150 or more, of another without his consent;

        . . . .

Property "of another" means a building or other property, whether real or personal, in which a person other than the offender has an interest which the offender has no authority to defeat or impair, even though the offender may also have an interest in the building or property.
720 ILCS 5/20-1.

3. The term "person" is defined as "an individual, public or private corporation, government, partnership, or unincorporated association." 720 ILCS 5/2-15.

4. The defendant complains that there is no allegation that "another motorcycle club" is a "person" within the purview of the arson statute.

5. To the extent that "another motorcycle club" does not qualify for protection under the arson statute, the term "person" includes an unincorporated association. *People v. Woods*, 15 Ill.App.3d 221, 303 N.E. 2d 562 (1973).

6. More importantly,

> it is not necessary to prove the identity of the owner or possessor of the premises provided the proof otherwise establishes that the property is one in which someone other than the defendant has an interest which the defendant has not authority to impair.

*People v. Rawls*, 57 Ill.App.3d 702, 705 (1978). Here, the defendant has sufficient notice to enable him to present a defense and protect himself from double jeopardy. *Id.* at 706.

WHEREFORE, the government requests that the Motion to Strike Racketeering Acts 7A and 7B be denied.

> Respectfully submitted,
>
> RODGER A. HEATON
> UNITED STATES ATTORNEY
>
>
> s/ Darilynn J. Knauss
> Darilynn J. Knauss
> Assistant United States Attorney
> 211 Fulton, Suite 400
> Peoria, IL
> Telephone: (309) 671-7050

CERTIFICATE OF SERVICE

It is hereby certified that on February 6, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties listed below.

>Daniel G. O'Day
>Attorney at Law
>415 Hamilton Blvd.
>Peoria, IL 61602-1102
>
>Mark A. Eisenburg
>Attorney at Law
>308 E. Washington Ave.
>P.O. Box 1069
>Madison, WI 53701-1069
>
>George F. Taseff
>Assistant Federal Defender
>401 Main Street, Suite 1500
>Peoria, Illinois 61602
>
>Rob Alvarado
>Assistant Federal Defender
>401 Main Street, Suite 1500
>Peoria, Illinois 61602

>s/Kim Ritthaler
>Legal Assistant